61   151
83   141¡

KNOXVILLE MANTEL AND CABINET COMPANY, Appellant,
v. D. J. COON, Assignee of the Kansas City
Mantel Company, Respondent.

Kansas City Court of Appeals, February 4, 1895.

1. **Executions**: EXEMPTIONS: PURCHASE MONEY: ASSIGNMENT. Section 4914, Revised Statutes, 1889, making personal property in the hands of the vendee, etc., subject to execution for the purchase money is a limitation on {the exemptions provided in other sections and was never intended to create a lien, legal or equitable, nor to establish a right of priority between creditors. And the term purchaser used therein was not intended to include an assignee for the benefit of creditors.

2. **Assignment**: SALES: PREFERENCE. Assignments for the benefit of creditors under the statute are clearly distinguishable from sales, not only in their occasion and object but in their essential qualities and operations. The latter is for a fixed price, the former is in trust for the use and benefit of creditors. Section 4914 will not allow creditors to go into the assigned property and partake of a preference therein as our assignment law makes every assignment for the benefit of all the creditors and forbids preferences.

*Appeal from the Jackson Circuit Court.*—HON. C. L.
DOBSON, Judge.

AFFIRMED.

*R. H. Field* for appellant.

(1) The statute would seem sufficiently explicit to entitle plaintiff to subject to its execution the mantels in question without further argument. *Straus v. Rothan,* 102 Mo. 264 *et seq.* D. J. Coon, as the record explicitly shows, *was not* "an innocent purchaser for value without notice of the existence of such prior claim for the purchase money." It is not in the power of the court

to add to or take from a statute a meaning so plainly expressed. *Henry & Cootsworth Co. v. Evans*, 97 Mo. 55; *State ex rel. v. Gammon*, 73 Mo. 421. (2) Besides, third parties retain the same rights against the assignee of the estate that they had against the assignor. He is not a purchaser for value. *State to use v. Rouse*, 49 Mo. 586, 593; 98 Mo. 460. Nor does he have the right of creditors, nor can he represent their rights as against third parties, but only those of the assignor. *Henrichs v. Woods*, 7 Mo. App. 236; *Glass Co. v. Baldwin*, 27 *Id.* 44; *Roan v. Winn*, 93 Mo. 504. In addition to foregoing authorities plaintiff also relies confidently upon the case of *Warner v. Jameson*, 52 Iowa, 70, as fully sustaining its right.

*Lyons & Snell* and *Karnes, Holmes & Krauthoff* for respondent.

(1) So far as the first of appellant's contentions is concerned, "this theory was thoroughly exploded by the decision in the case of *Straus v. Rothan*, 102 Mo. 261, which is decisive of the case in hand." *Car Co. v. Barnard*, 116 Mo. 667–674; *Corning v. Med. Co.*, 46 Mo. App. 16–20; *Taylor v. Smith*, 47 Mo. App. 141. (2) The appellant seeks to evade the effects of these decisions by citing cases such as *Roan v. Winn*, 93 Mo. 503–512, which hold that under the Missouri assignment law, the assignee stands in the shoes of the assignor. But, as already shown, the statute cited does not confer any lien (46 Mo. App. 20) and there is no lein to be enforced. The statute does not establish priority among creditors. *Corning v. Med. Co.*, 46 Mo. App. 20; *Benton v. Bank*, 26 S. W. Rep. (Mo.) 975–977; *Fink v. Pike*, 50 Mo. App. 564.

Gill, J.—In February, 1893, the plaintiff sold on credit and delivered to the Kansas City Mantel

Company a large number of mantels. About a year thereafter, the Kansas City Company made a statutory assignment, for the benefit of its creditors, naming its president, D. J. Coon, as assignee. At the time of the assignment, there remained on hand and undisposed of a portion of the mantels which the Kansas City Company had bought of the plaintiff. Shortly after the assignment, the plaintiff recovered a judgment against the Kansas City Mantel Company for the amount due on the mantels sold, sued out an execution and then applied by motion to the circuit court, where the assignment was pending for leave to levy its execution on said mantels. The circuit court denied the motion and plaintiff appealed.

The plaintiff's claim of the right to subject the property in question to its execution, is based on section 4914, Revised Statutes, 1889, which reads as follows: "Personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money." Counsel contends that, as the assignee is not an innocent purchaser of the mantels, but holds them with full knowledge of the fact that the assignor had not paid for them, then this statute justifies plaintiff's claim of right to levy its execution thereon. The argument in support of this contention, it must be admitted, is quite plausible, when the attention is alone directed to the words of the statute. But when we consider the purpose of the section, as construed by the courts, the position so earnestly contended for is not tenable.

The section quoted was engrafted on our law of executions as a qualification of the statute there found

relating to *exemptions*. In the chapter on Executions (Ch. 63, Revised Statutes, 1889), are found sections declaring certain personal property exempt from seizure on execution. This section (4914) was added as a qualification, or limit, to the scope and meaning of these exemptions. The evident intention was to nullify the right of exemption that might be claimed for personal property, which the debtor had bought and not paid for, and to subject such property to the payment of a judgment for such unpaid purchase price. This amendment to the execution statute was never intended to create a lien, legal or equitable, on the personalty, nor to establish a right of priority as between creditors. *Strauss v. Rothan* 102 Mo. 261; *Corning v. Rinehart Med. Co.*, Mo. 46 App. 16. Hence it follows that the Knoxville Mantel Company had no lien, inchoate or otherwise, on the mantels it had sold to the Kansas City company; nor did it (the Knoxville Co.) have, by reason of this statute, any prior right over other creditors in the distribution or administration of the assets of said Kansas City company. The Knoxville company had the right simply to levy its execution (on its judgment for purchase money) on the property it had thus sold to the Kansas City Company, so long as it remained with plaintiff's debtor, or was to be found in the hands of a purchaser with notice.

The *purchaser* here named was not, we think, intended to include an asignee for benefit of creditors, under the voluntary assignment statute. It was meant to attach to a vendee at an ordinary sale. Such "*assignments*," says a well known author, "are clearly distinguishable from *sales*, not only in their occasion and object, but in their essential legal qualities and operation. Sales are transfers in the ordinary course of business; assignments commonly grow out of the embarassments or suspensions of business. A sale is

usually for a consideration actually paid, or agreed to be paid, and created or passing simultaneously; an assignment is, in most cases, for a consideration already executed, as for a precedent or subsisting debt" etc. Burrill on Assignments, section 4 [5 Ed.]. The author further shows that a sale is an absolute transfer for a price fixed, while an assignment is in trust, lodging the property in the hands of one party for the use and benefit of creditors.

We can not believe that it was the purpose of the statute in question to allow certain individual creditors to go onto the assigned property (in cases of voluntary assignment under the statute) and partake of a preference, unless, indeed, they have acquired a lien in some mode before the assignment. The policy of our assignment law is, and has been for many years, that all creditors without specific liens shall share alike. Our lawmakers, years ago, so framed the statute as to deny the assignor any right or authority to make a statutory assignment except for the benefit of all creditors alike. He was, and is yet, deprived of the power to assign for the benefit of particular creditors. "Every voluntary assignment * * *, made by a debtor to any person in trust for his creditors, shall be for the benefit of *all* the creditors of the assignor in proportion to their respective claims; and every provison in any assignment providing for the payment of one debt or liability in preference to another shall be void, etc. Section 424, R. S. 1889. Equality, then, before the law, is its manifest policy. And before construing any amendment as destroying such policy, it would seem the courts should be entirely satisfied that such was the legislative intention.

Plaintiff's contention, then, involves the claim of a right of preference in the distribution of the assigned estate. It has no lien on any of the assigned property and

hence can have no preference, for the law of voluntary assignments will not permit it. It must share alike with other unsecured creditors. The law has laid hold of the assigned estate and it should be administered in accordance with the statutory mandate. It was not the purpose of the section relating to executions and exemptions, and relied on by the plaintiff, to subvert the long established intent and policy of the asignment law.

We approve the action of the trial court and its judgment will be affirmed. All concur.