Hiltenbrandt v. Robitzsch.

EUGENE HILTENBRANDT, Appellant, v. FRANZISKA ROB-
ITZSCH, Respondent.

St. Louis Court of Appeals, May 7, 1895.

Married Woman's Act: EFFECT ON ACTION TO CHARGE SEPARATE
ESTATE. An action in equity to charge the separate estate of a mar-
ried woman can no longer be maintained by anyone other than her
husband, since, as to all other persons, she is now capable of con-
tracting and being sued at law.

*Appeal from the St. Louis County Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

DECREE MODIFIED.

*W. M. Kinsey* for appellant.

*O. J.* and *R. Lee Mudd* for respondent.

BOND, J.—This is a suit against a married woman
to charge her equitable separate estate in land with the
payment of a note for $300, given by herself and hus-
band to plaintiff. The answer admits the execution of
the note, but alleges that the defendant *feme covert* was
induced to sign it by the fraudulent misrepresentations
of plaintiff, and that it was without any consideration.
Upon the hearing there was a decree sustaining the
defenses in the answer and dismissing the petition,
from which this appeal is taken.

The facts out of which this transaction arose are
these: Defendants made a voluntary conveyance of a
small piece of land in Carondolet, near the city limits,
to their son, Fritz Robitzsch, who borrowed $300 from
Mrs. Lay to put certain machinery thereon, and gave
his note for said sum with plaintiff as indorser.
Some time thereafter said Fritz Robitzsch entered into

a contract to sell plaintiff the land conveyed to him by his father and mother for $540, $300 of which was to be paid by the discharge by plaintiff of the Lay note, which in said contract was described as a lien on the land, and the remaining $240 to be paid in cash. Fritz thereupon handed to plaintiff the deed to himself from his father and mother, to be used by plaintiff in procuring an examination and abstract of title. The title examiner reported to plaintiff that Fritz had no title to the land, whereupon the contract between him and plaintiff was abandoned. When the Lay note, on which plaintiff was indorser, fell due, it was paid by plaintiff, who thereupon called upon the father and mother of Fritz, and, according to the evidence given for defendants, induced the signature of the mother to the note in suit by telling her that the Lay note, the contract between plaintiff and Fritz, and the deed from his parents to Fritz, all then delivered to the mother, operated by mere delivery as a conveyance *in præsenti* to the mother of the land and machinery which had been previously conveyed by her and her husband to Fritz. Except these papers so delivered, and the representations so made, no other consideration was received for the note sued upon, which was given upon the belief by the wife in the truth of such representation. The evidence showed that she was a woman who did not comprehend fully, if at all, the English language or dealings in real estate.

There was other evidence adduced on the trial, which is not preserved in the bill of exceptions. Of course, we can not review the evidence in a proceeding in equity, where all of it is not before us. We do not, however, in this case rest our conclusions on this ground, but upon the failure of the petition to state any cause of action at law against the defendant married woman. The rights and duties of a married

woman are now fixed by statute, to wit: "A married woman shall be deemed a *feme sole* so far as to enable her to carry on and transact business on her account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party: Provided, a married woman may invoke all exemption and homestead laws now in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property." Revised Statutes, 1889, sec. 6864. Since the adoption of this statute all remedies provided by equity against a married woman, grounded on her disability to contract at law, are superseded, except the right of a husband or wife to sue the other in equity. *Goldsmith v. Taussig*, 60 Mo. App. 460. That this is the necessary and logical result of the Married Woman's Act, *supra*, is evident from the fact that proceedings, like the present, to charge her equitable separate estate rested upon the assumption of her incapacity to contract at law. When that has been abolished, the rules founded thereon fail of application. Again, it would be a singular inequality in the law to permit a proceeding to encumber by lien the real estate of a married woman, when such proceeding could not be maintained against other persons with whom she is equally *sui juris* since the statute, *supra*.

The court rendered a decree for the defendant on the merits, whereas, under the views above expressed, it should have dismissed plaintiff's bill for want of equity. The decree of the trial court is, therefore, so modified as to dismiss plaintiff's bill without prejudice to his proceeding at law, if so advised. All concur.