ALBERT G. LATIMER, Administrator of the Estate of JAMES W. RODGERS, Deceased, Respondent, v. JEPTHA D. NEWMAN et al., Defendants; JENNIE A. NEWMAN, Appellant.

St. Louis Court of Appeals, February 2, 1897.

1. **Promissory Note**: PARTNERSHIP: RIGHT OF ACTION OF ADMINISTRATOR OF DECEASED PARTNER, WITHOUT JOINING SURVIVING PARTNER. Where a surviving partner fails to take out letters of administration and give bond within the time required by section 56 et seq., Revised Statutes, 1889, the right of administration of the partnership estate passes to the administrator of the deceased partner, who is entitled to sue in his own name as such on choses in action due the copartnership, without joining the surviving partner.

2. ———: LIABILITY OF SEPARATE ESTATE OF MARRIED WOMEN FOR NECESSARIES: PERSONAL JUDGMENT AGAINST WIFE. In a suit on a promissory note given and executed by the husband alone for necessaries furnished his family, plaintiff is not entitled to a personal judgment against the wife under section 6869, Revised Statutes, 1889, only; but the suit must be brought on some contract or liability of the wife for which she may be sued under section 6864. Section 6869, as amended by the session acts of 1895, page 222, was not intended to embrace causes of action against married women, nor to authorize suits against them on their contracts. *Hiltenbrandt v. Robitzsch,* 62 Mo. App. 437.

3. ———: PETITION: DEMURRER. In such action, where the petition failed to allege a separate estate in the wife, and to point out the estate upon which the levy was to be made, the court erred in overruling a demurrer interposed to its sufficiency on that ground.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED (*with directions*).

*J. D. Hostetter* for appellant.

There was a defect of parties. On the death of Rodgers the cause of action survived to Reynolds, and he became a necessary party. *Matney v. Gregg Bros.,* 19 Mo. App. 107; *Ryan v. Riddle,* 78 Mo. 521; *Clark v. Cable,* 21 *Id.* 223; *Rainey v. Smizer,* 28 *Id.* 310; *Henry v. Mt. Pleasant Township,* 70 *Id.* 500; *Ohnsorg v. Turner,* 33 Mo. App. 486; *McLaran v. Wilhelm,* 50 *Id.* 658; R. S. 1889, sec. 1994.

The amended petition did not state facts sufficient to constitute a cause of action against Jennie A. Newman. It should have been alleged that the wife had separate property at the time of the contraction of the debt for necessaries by the husband; that it continued in existence to the date of institution of the suit, and such property should have been described, etc. R. S. 1889, sec. 6869, as amended in session acts, 1895; *Gabriel v. Millen,* 30 Mo. App. 464, 111 Mo. 119; *Arnold v. Brockenbrough,* 29 Mo. App. 625; *Osborne v. Graham,* 46 *Id.* 28; *Grimes v. Whiteside,* Mo. App. (April 15, 1896) 1137.

*J. H. Blair & Son* for respondent.

The surviving partner, having failed and refused to administer on the partnership estate, is not a necessary party to this suit. R. S. 1889, secs. 61, 62.

At common law, on the death of a partner, the legal title to the partnership choses in action was cast upon the survivor, and he had the exclusive right to reduce them to possession, and to sue on them in his own name, without joining the representatives of the deceased partner. Story on Part., sec. 346; *Bredow v. Mut. Sav. Institution,* 28 Mo. 181; *Ober v. Railroad,* 13 Mo. App. 81; *Hargadine v. Gibbons,* 55 Mo. App. 460.

The common law still prevails in this state, provided the surviving partner gives bond within thirty days after granting of letters testamentary on estate of deceased partner. R. S. 1889, sec. 61.

If he fails to give, then the common law rule is abrogated, and the legal title to all choses in action, etc., vest in the administrator of the deceased partner, provided he gives bond as required by statute. R. S. 1889, secs. 61, 62; *Hargadine v. Gibbons*, 45 Mo. App. 460, at pp. 469–471, 21 S. W. Rep. 726.

It has not been necessary, since 1889, to proceed in equity against the wife's separate estate to subject it to the payment of her liabilities. It never has been necessary to proceed in that way to subject her statutory personal estate to debts contracted by the husband for necessaries for herself or family. *Bedsworth v. Bowman*, 104 Mo. 44.

No one but the husband can maintain an action to charge the separate estate of a married woman. *Hiltenbrandt v. Robitzsch*, 62 Mo. App. 437.

Under section 6864, Revised Statutes, 1889, a personal judgment against a married woman is valid. *Beerden v. Miller*, 54 Mo. App. 199.

BOND, J.—The petition in this case, omitting the formal parts, is, to wit:

"Albert G. Latimer, Adm'r of the estate of James W. Rodgers, deceased, plaintiff,

v.

Jeptha D. Newman and Jennie A. Newman, Defendants.

"Plaintiff for his amended petition herein, leave of court having been had to file same, says that the defendant Jeptha D. Newman by his promissory note herewith filed, dated April 29, 1884, promised for value

received, to pay to Reynolds & Rodgers, a firm or co-partnership composed of Stephen J. Reynolds and James W. Rodgers, and doing business under the firm name and style of Reynolds & Rodgers, the sum of one hundred and thirty-four and 25–100 dollars one day after the date thereof with ten per cent interest thereon from date, the interest to be paid annually, and if not so paid to become a part of the principal and bear interest at the same rate. Plaintiff says that on the twenty-ninth day of April, 1884, and for many years prior thereto, said Stephen J. Reynolds and James W. Rodgers were engaged in the practice of medicine in the county of Pike, state of Missouri. That from the fourteenth day of February, 1878, to the present time, the defendant has been, and now is, a married man, and having a family consisting of his wife, the defendant, Jennie Ann Newman, and numerous children by his said wife. That the consideration of the note here sued on was medical services and attendance upon the defendant's said wife and children from the fourteenth day of February, 1878, to the twelfth day of March, 1883, by said firm of Reynolds & Rodgers, and that said services were necessaries rendered said Jennie Ann Newman and her family. Plaintiff says that on the ——— day of ———, 1894, said James W. Rodgers departed this life intestate at his residence in the county of Montgomery, state of Missouri. And that thereafter, to wit: On the ——— day of ———, 1894, letters of administration on the estate of said deceased were duly granted to plaintiff by the probate court of said Montgomery county, who legally qualified and entered upon the discharge of the duties of said trust. Plaintiff says that the surviving partner of Stephen J. Reynolds having failed and refused to administer on said partnership estate, plaintiff further qualified as admin-

istrator of said partnership estate as required by law, and now has charge of same.

"Plaintiff says that on the twelfth day of November, 1885, the defendant paid on said note the sum of thirty-eight dollars, and on the eighteenth day of October, 1887, he paid the further sum of twenty dollars.

"The remainder of said note and the interest thereon are yet due, for which plaintiff prays judgment and for all proper relief.

"J. H. BLAIR, Attorney for Plaintiff."

A separate demurrer was filed by defendant Jennie Ann Newman to the above petition; *first*, for an alleged defect of parties, in that Stephen J. Reynolds, one of the obligees of the note sued on, was not joined as a coplaintiff; and, *secondly*, that the amended petition does not state facts sufficient to constitute a cause of action against the demurrant. The court overruled the demurrer. Defendant declined to plead or answer further in said cause, but · elected to stand on her demurrer. Thereupon the court rendered judgment against both defendants, after a default had been taken against defendant Jeptha D. Newman, for the sum of $268. The court further found, "that the consideration of the note sued on in this case is medical services and attention rendered to the defendant Jennie Ann Newman and her children." The court further adjudged that plaintiff recover of both defendants "the sum aforesaid with interest thereon at the rate of ten per cent per annum, the interest to be paid annually, and if not so paid to become a part of the principal and bear the same rate of interest, together with all costs and charges in and about this cause laid out and expended," and ordered execution to be issued. From this judgment defendant Jennie Ann Newman appealed to this court.

The first cause of demurrer is based on a notion that the surviving partner should have been joined as coplaintiff in the present action. This is not the law. A surviving partner has the exclusive right to administer upon the partnership estate if he takes out letters, and within thirty days thereafter gives the bond required by law. R. S. 1889, section 56 *et seq.* If the surviving partner fails to take these steps, the right of administration of the partnership estate passes to the administrator of the deceased member of the firm, who is required to qualify as administrator of the partnership estate by giving a separate bond in double the value of said estate and taking possession of the whole of its assets for the purpose of discharging his trust. R. S. 1889, ch. 1, art. 3. The necessary effect of our statutes on the subject of administration of partnership estates is to substitute such administrator to all the rights and duties which would have been enjoyed by a surviving partner at common law. As there never was any question as to the right of a surviving partner at common law to sue for choses in action belonging to the firm, so there is no question that he might do so under our statutes, provided his title has not been displaced by his neglect to take out letters of administration as prescribed by law. But it is equally true that in the event of the rightful devolution of the administration of the partnership estate upon the administrator of the deceased member of the firm, the latter becomes the legal representative of the copartnership for purposes of suit on its choses in action. *Hargadine v. Gibbons*, 114 Mo. 561; *Judy & Co.'s Surviving Partner v. Mfg. Co.*, 60 Mo. App. 114. In the present case upon the neglect and refusal of the surviving partner to comply with the statutes

*Margin note: PROMISSORY note: partnership: right of action of administrator of deceased partner, without joining surviving partner.*

giving him the first right of administration of the partnership estate, the right to administer the same passed to the administrator of the deceased partner, and he having in all respects complied with the law, was entitled to sue for choses in action due the firm in his own name without joining the surviving partner. Hence the court did not err in overruling the first ground stated in appellant's demurrer.

The same ground of demurrer questions the sufficiency of the petition to state a cause of action against appellant. Rightly understood the petition did not state any cause of action against appellant personally. It was filed to secure the relief provided by section 6869 of the Revised Statutes of 1889, as amended by Session Acts of 1895, page 222. *Gabriel v. Mullen*, 111 Mo. 119. This statute as amended was not intended to embrace causes of action against married women, nor to authorize suits against them upon their contracts. Married women may sue and are suable under another section, to wit, section 6864 of the revision of 1889. *Hiltenbrandt v. Robitzsch*, 62 Mo. App. 437. The section under which this petition was filed has been construed by the supreme court in the case cited above. According to that decision, it only provides a mode of enforcing a debt due from the husband by execution against certain property of the wife, and in order to determine the liability of the property sought to be charged in one proceeding the amendment of 1895 was adopted requiring the wife to be joined. In a proceeding under this section only, the plaintiff is not entitled to a personal judgment against the wife. If a personal judgment against her is desired, the suit must be brought upon some contract or liability of the wife for which she is sueable under section 6864, *supra*. In the present case the trial judge rendered a personal

*Margin note:* LIABILITY of separate estate of married women for necessaries: personal judgment against wife.

Latimer v. Newman.

judgment against the wife on the express contract of her husband alone. This was erroneous. If she was personally liable for the necessaries for which the note of the husband was given, she could have been sued therefor, not on the express contract evidenced by the note signed by her husband alone, but upon an implied contract growing out of the delivery of the necessaries to herself and family. It is apparent, therefore, that the personal judgment against her in the present action for the amount of the note, which she did not sign, and interest thereon at ten per cent, was wholly unauthorized and is error apparent on the face of the record proper. This necessitates a reversal of the judgment and remanding of the cause. The act under which this suit was brought since its amendment, clearly contemplates that all questions affecting the right to levy upon any separate estate of a married woman for the debt of her husband shall be determined in one proceeding, and to that end it requires that she shall be made a party. Among the questions to be determined necessarily, is the one that she is the owner of such an estate. That this may be put PETITION: demur- in issue the petition ought to allege such
rer. ownership and point out the estate upon which the levy is to be made. The present petition contains no allegations of this nature. This defect in the petition was reached by the second cause of demurrer interposed by appellant, which the court erred in overruling. The judgment will, therefore, be reversed and the cause remanded with directions to the circuit judge to sustain the second ground of appellant's demurrer, with liberty to the plaintiff to amend his petition, if so advised, that the case may be tried in accordance with the views herein expressed. All concur.