LAURA E. NUNN, Respondent, v. C. B. CARROLL, Appellant.

St. Louis Court of Appeals, January 30, 1900.

1. **Married Woman:** RIGHT OF HUSBAND TO CONVEY HER PROPERTY: STATUTORY CONSTRUCTION: AGENCY. Under section 6869, Revised Statutes 1889, the mere use, occupancy and protection of the wife's land and of its products, does not give the husband such a possession or dominion over it as to authorize him to sell it without her written consent; and the mere fact that he has on former occasions sold and delivered portions of the products of his wife's farm without her written contract, to which sales she interposed no objections, is not sufficient to establish a general agency of the husband with power to sell all of the future products of her lands, without her written consent.

2. ———: ———: ———. The statute (section 6569) was enacted not only to give the wife the absolute property in the products of her real estate, but to protect such products from the dominion of the husband, and from his disposition of them without her written consent.

3. ———: ———: ———: ———: PAYMENT FOR NECESSARIES OF LIFE: PRACTICE: SEPARATE PROPERTY OF WIFE: PLEADING: PARTIES TO ACTION. To reach the separate property of a married woman and subject it to the payment of a debt contracted by the husband for necessaries of the family (section 6869 as amended in 1895) requires that the husband be sued and that the wife be made a party to the action, and that all questions involved be determined in the action.

3. ———: ———: ———: PLEADING AND PRACTICE. No lien is given and the naked right to subject the wife's property to execution can not be interposed as a defense in an action of trespass for a forcible entry upon her premises and the taking away of her personal goods by a private person.

5. **Husband and Wife:** STATUTE OF FRAUDS: STATUTORY CONSTRUCTION. The verbal promise of the wife to pay the debts of her husband is clearly within section 5186 of the Statute of Frauds, Revised Statutes 1889.

---

Nunn v. Carroll.

---

Appeal from the Ralls Circuit Court.—*Hon. David H. Eby,*
Judge.

AFFIRMED.

*J. O. Allison, E. L. Alford* and *T. E. Allison* for
appellant.

(1) The plaintiff under the recent statutes as to the prop-
erty rights of married women, was a *feme sole,* as to all of
her property, and had full control and disposition of it. These
statutes give the wife a separate legal existence. Gabriel v.
Mullen, 30 Mo. App. 464; Claw v. Chapman, 125 Mo. 101;
Bedsworth v. Bowman, 104 Mo. 44; Brown v. Bowen, 90
Mo. 184. And she can have an agent for the management
and disposition of all her property. What she can do herself
she can do by her agent. The old doctrine, that a married
woman could not have an agent as to her property, other than
her separate property, was based upon the married woman's
law as it then stood. The management and possession of her
property were vested in her husband, and she could not have
an agent to do what she could not do herself. But when the
law was so amended as to give her complete possession and
control of her property, it follows, that she can do by agent
what she can do herself. Carthage Lime Co. v. Bowman,
44 Mo. App. 386. The husband may be the agent of his
wife and may be appointed as any other agent, and the agency
may be shown by words, acts and conduct, and all the sur-
rounding circumstances. Farley v. Stroch, 68 Mo. App. 85;
Sharp v. Knox, 48 Mo. App. 139; Cummings v.
Hurd, 49 Mo. App. 139; Mitchum v. Dunlop, 98
Mo. 418. (2) In this case the agency is not only shown by
the words, acts and conduct of the parties generally, but it was
expressly agreed by Mrs. Nunn, as a part of the original agree-
ment, made with Mr. Carroll, at the time he signed the note
as security, when Mr. Carroll, Mr. Nunn and Mrs. Nunn were

all present, that Mr. Nunn should carry out her agreement with Mr. Carroll; and sell and turn over this corn to him, if it became necessary to protect him and save him from loss. The court must submit the question of the agency of the husband for the wife to the jury, where there is substantial evidence of the agency. Thompson v. Kehrman Co., 60 Mo. App. 488; Farley v. Stroch, 68 Mo. App. 85; Hoppe v. Saylor, 53 Mo. App. 4.

No brief furnished for respondent.

BLAND, P. J.—Omitting caption, the petition is as follows:

"Plaintiff states that she is the owner of the following described real estate, situated in the county of Ralls and state of Missouri: The east half of the southeast quarter of section twenty-one (21), township fifty-three (53), range six (6) west, with all the rights, privileges and appurtenances thereof, and was during and at all times hereinafter mentioned such owner, and in the lawful possession and sole control thereof, and was on and about the fifth day of January A. D. 1899, such sole owner and in the lawful and peaceful possession thereof.

"That plaintiff is a married woman and said lands came to her during the year 1895 by gift from her father J. W. Cason, and by purchase by means furnished by him. That during the year 1898 she resided on said lands and cultivated said farm and there was grown thereon a crop of corn of the value of two hundred dollars ($200).

"That on or about January 5, 1899, said premises were securely inclosed by good and lawful fences and the entrance closed by gates fastened and locked.

"That notwithstanding said inclosures and locks, defendant knowing full well that he had no right on the premises and

regardless of the rights of plaintiff, did on said day willfully and maliciously by force and violence break open said inclosure with the intent to do plaintiff injury, and did break and destroy said lock and break open said gate and enter upon said premises, and did repeatedly and continually enter upon said premises from day to day with his servants, employees and wagons and teams and did damage to the possession and property of plaintiff and gather, destroy, haul off and dispose of plaintiff's crop of corn then standing in the said field, and dispose of the same as his own and did damage to freehold and realty of the plaintiff.

"Plaintiff says by reason of said wrongful and malicious acts of defendant she is damaged to the sum of three hundred dollars actual damages for which she prays judgment, and she further asks that she be allowed exemplary or punitive damages in the sum of one hundred dollars and the costs of this action."

The answer was a general denial. At the close of all the evidence the court gave the following instruction:

"The jury are instructed that the verdict should be for the plaintiff and the jury should assess her damages at a sum equal to the reasonable market value of the corn at the time the same was taken by the defendant."

There was a verdict and judgment for plaintiff for $106. Defendant filed his motion for new trial, which was overruled, whereupon he took an appeal.

The evidence is that in the spring of 1898, the plaintiff with her husband Charles Nunn resided upon an eighty acre farm in Ralls county, which belonged to the wife; that Charles Nunn in the spring of that year planted about twenty-five acres of the farm in corn, and that he, with some hired help, cultivated the corn crop; that about September the Nunns moved from the farm to the town of Vandalia, Missouri, leaving a tenant in possession; that after the Nunns moved

the defendant with force entered upon the premises, gathered the corn and hauled it away. Testimony was adduced by the plaintiff of the value of the corn. To justify his entry on the premises and the taking away of the corn the defendant offered testimony tending to prove that in April, 1898, he indorsed a note for $140 for the accommodation of Charles Nunn; that before he delivered it to Nunn—after indorsing it —he went to the Nunn residence for the purpose of taking security to indemnify him against loss as indorser of the note, and knowing that Mrs. Nunn owned the farm and everything on it he had a conversation with both her and her husband about taking security; that Mrs. Nunn persuaded him out of taking any mortgage, by promising him that everything she had should stand good for the note, and that the corn crop to be grown that season should stand good for it, and assured him that he should not lose anything. On these assurances he delivered the note to Charles Nunn, who discounted it in bank. Nunn failed to pay the note and defendant was compelled to pay it. After paying the note Charles Nunn sold the defendant the corn crop and authorized him to take it in payment of the $140 note and one other note of $30 which defendant had paid as surety for Charles Nunn. There was testimony also tending to prove that Charles Nunn in years previous to 1898, had made sales of corn grown upon the farm, and that he had handled and traded and disposed of the products of the farm and the stock on the farm as his own property, and that plaintiff had knowledge of such dealings and made no objection thereto. From expressions made use of by Mrs. Nunn to defendant at the time he delivered the $140 note to Charles Nunn it is fairly inferable that at least a part of the proceeds of the note were for the immediate necessities of the Nunn family.

    I. It is conceded that the crop of corn was the separate property of the plaintiff, and that it was taken by defendant

without her consent and against her will, and the evidence is in the face of a written notice from her to the defendant forbidding him from taking it. But the contention of the appellant is that Charles Nunn was her agent generally, and that she is bound by his contract of sale to defendant. For the disposition of this class of a wife's property by the husband her assent can only be shown by a writing. R. S. 1889, sec. 6869. The mere use, occupancy and protection of the wife's lands and of its products, does not give him such possession or dominion over it as to authorize him to sell it without her written consent; and the mere fact that he has on former occasions sold and delivered portions of the products of his wife's farm, without her written contract, to which sales she interposed no objections, is not sufficient to establish a general agency of the husband with power to sell all of the future products of her lands, without her written consent. The statute (sec. 6869) was enacted not only to give the wife the absolute property in the products of her real estate, but to protect such products from the dominion of the husband, and from his disposition of them without her written consent. Brown v. Brown, 124 Mo. 83; McClain v. Abshire, 72 Mo. App. 390.

II.   It is also contended by appellant that as the evidence tended to show that a part of the proceeds of the $140 note were for family necessities, the separate property of the wife is bound for the debt, and that it was error in view of this testimony to take the case from the jury. To reach the separate property of a married woman and subject it to the payment of a debt contracted by the husband for necessaries of the family, section 6869 as amended in 1895 (Acts 1895, p. 222) requires that the husband be sued and that the wife be made a party to the action, and that all questions involved be determined in the action. The right to subject the wife's separate property to the payment of this class of the husband's

debts, like the right to subject personal property to sale on execution for the purchase price, can only be enforced by execution issued on a judgment in a suit to which she was a party. No lien is given, and the naked right to subject the property to execution can not be interposed as a defense in an action of trespass for a forcible entry upon her premises and the taking away of her personal goods by a private person. Straus v. Rothan, 102 Mo. 261; Brownell Car Co. v. Barnard, 116 Mo. 667; Barton v. Sitlington, 128 Mo. 164; Mantel & Cab. Co. v. Coon, 61 Mo. App. 151.

III. We are asked to hold Mrs. Nunn to her verbal promises made to defendant at the time he indorsed and delivered the note to Charles Nunn. Unfortunately for the defendant he relied on the verbal promises of the wife to pay the debt of the husband and took no security or indemnity. The verbal promise was to pay the debt of another, and is clearly within section 5186 of the statute of Frauds, Revised Statutes 1889. We discover no reversible error in the record, and affirm the judgment.

All concur. Judge *Biggs* in the result.