BILES, EDWARDS & COMPANY, Plaintiffs in Error, v. LEONIDAS BEADLE et al., Defendants in Error.

**Kansas City Court of Appeals, April 7, 1902.**

1. **Appellate Practice: WRIT OF ERROR: NOTICE: STATUTE.** The statute requires every person suing out a writ of error to cause notice thereof in writing to be served on the adverse party twenty days before the return day of such writ. *Held,* a notice of an intention to sue out a writ of error at some indefinite time, is not sufficient.

2. ——: ——: ——: **WAIVER.** The fact that the defendants in error after being served with the plaintiffs' brief in the case, should, after the expiration of the twenty days, serve his responsive brief, does not waive the notice.

Error to Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

WRIT DISMISSED.

*Allen & Mayer* for plaintiffs.

Filed brief on merits.

*Simmons & Castle* for defendants in error.

Filed brief on merits.

SMITH, P. J.—The defendants have filed a motion to dismiss the writ of error on the ground that they have not been served with notice of the suing out of the writ as is required by section 715, Revised Statutes 1899. It appears that the defendants, on the twentieth day of July, 1901, were served with a notice given them by the plaintiffs which was to the effect that, "we will on the twelfth day of August [no year stated] apply to the Kansas City Court of Appeals for a writ of error" in the above entitled cause, etc. It further appears that on the fifteenth day of August, 1901, a writ of error was issued by the clerk of this court in said cause, returnable to the October term (1901), and that on the twenty-second day of August, 1901, the clerk of the circuit court of Buchanan county made a return to the writ accompanied with the record and proceedings in the cause. It is conceded that the plaintiffs did not give defendants any notice that the writ had been sued out, unless it be that the notice of the intended application therefor be such.

The language of the statute (sec. 715 supra) is: "Every person *suing out* a writ of error shall cause notice thereof in writing to be served on the adverse party," etc. Its requirement plainly is that where any person sues out the writ he must give written notice in writing of that fact: i. e., the suing out of the writ, to the adverse party. Macklin v. Allenberg, 100 Mo. loc. cit. 345. And it will be seen by reference to the form of the notice, which has long been in use in the several appellate courts of this State, that such has been the general understanding of the bar. Finkleburg's Mo. App. Prac., 166. A notice, as here, that an application at some indefinite time is to be made for the writ, is not a notice of the suing out of the writ as contemplated by the statute. And as no such notice of the suing out of the writ was given, it must follow that the writ must be dismissed unless the plaintiff has shown good cause for the failure to give such notice.

On January 29, 1902, the plaintiffs served the defendants with a copy of their abstract and brief. On the twentieth of February, following, the defendants served plaintiffs with a copy of their responsive brief; and five days later they further served plaintiffs with a copy of their motion to dismiss the writ. The plaintiffs insist that the action of the defendants, just stated, amounts to a waiver of their statutory right of notice of the writ. It is to be observed that the time in which the plaintiffs could have given the notice required by statute had elapsed when the defendants served their responsive brief on plaintiffs. It was then too late for the plaintiffs to give the required twenty days notice, even if the writ had been returnable to the March term, 1902, instead of the October term, 1901. The defendants then did nothing to cause the plaintiffs to change their position in any way, nor to omit to do something but for the service of defendants' brief they would have done, so that there are no facts upon which to base a waiver; and, therefore, no good cause for their failure is shown.

And we do not see that on principle this case is different from those in which it has been held that a failure to serve notice by plaintiff in error that he has *sued out* a writ of error, twenty days before the return day thereof, is fatal to his standing in the appellate court unless some good cause for the omission is shown, and that a filing of the brief on the merits by the defendant in error is not a waiver of his right to such notice. Guy v. Mayes, 141 Mo. 441; Kenner v. Lead Co., 141 Mo. 248; Schnelle v. Devanney, 61 Mo. App. 453. It may not be quite satisfactory to plaintiffs to have the case disposed of by us on such narrow technical grounds, but as the defendants insist upon such disposition, as is their right, we have no option to do otherwise.

The writ will accordingly be dismissed. All concur.