## WHITE, Appellant, v. WILSON, Respondent.

St. Louis Court of Appeals, April 26, 1904.

1. **EXEMPTIONS: Time of Claim.** If the head of a family claim property exempt from execution as soon as the levy is made and before the sale, the claim is timely.

2. ————: **Debt for Necessaries: Separate Property of Wife.** Where, in a suit brought against a husband and wife, on a debt due for necessaries, the husband died pending the suit, so that she became the head of the family, and the cause proceeded to judgment against her and his administrator, it was not neces-

sary, under section 4340, Revised Statutes of 1899, to adjudicate in that action her right to have her separate property exempt as the head of a family; the only questions which that statute required to be adjudicated there were whether the debt was incurred for family necessaries and whether the wife had a separate estate against which execution might issue.

3. ————: **Purchaser With Notice.** By promptly giving notice of her right as soon as the levy was made, she could recover her separate property, which was exempt from execution, or its value, from the purchaser under execution upon such judgment.

Appeal from Barry Circuit Court.—*Hon. H. C. Pepper,* Judge.

REVERSED AND REMANDED.

*Peel & Sizer* for appellant.

(1) It is well-settled law of this State that a debtor's claim of exemption should be made when the property is seized. Exemption is a personal privilege and can only be exercised when the officer calls with the writ or makes a levy. Garrett v. Wagner, 125 Mo. 462; Weinrich v. Koelling, 21 Mo. App. 133; Luick v. Irall, 84 Mo. App. 67; Drake on Attachment, sec. 2440; Nieman v. Koch, 47 Mo. App. 272. (2) The privilege need not be exercised before the commencement of the sale. Fulkerson v. Emmerson, 74 Mo. 609; Holliday v. Mausker, 44 Mo. App. 468.

*John T. Burgess* for respondent.

(1) Appellant claims that said horse was exempt from execution and sale on account of her being the head of a family, but we do not think this point tenable for the reason that the judgment was for necessaries. She having been made a party to the suit as provided by statutes, and her separate property being liable for debts of husband for necessaries, the testimony shows that such was the case as well as the judgment and ex-

ecution.    R. S. 1899, sec. 4340; 75 Mo. App. 500; 69 Mo.
App. 76.    (2) · If appellant was entitled to exemptions
she should have claimed the same before the court when
the original cause was tried, she not having done so
at that time can not now be heard to complain.    68 S. W.
240; 67 S. W. 710.

### STATEMENT.

Replevin, the property in question being a mare
of the alleged value of $75.    On September 2, 1902, E. S.
Wilson, obtained judgment in the circuit court of Barry
county against A. V. Darroch, administrator of the
estate of John S. White, deceased, and Luna E. White,
plaintiff in the present action.    The judgment reads as
follows:

"E. S. Wilson, plaintiff, v. John S. White, A. V.
Darroch, administrator of the estate of John S. White,
and Luna E. White, defendants.

"Now on this day the above-entitled cause coming
on for trial, all parties waive a jury, and the matter is
submitted to the court without the aid of a jury,
and the court after hearing the evidence and the argu-
ment of the attorneys, doth find the issues for the plain-
tiff, E. S. Wilson, against A. V. Darroch, administrator
of the estate of John S. White, deceased, in the sum of
seventy-nine and 80-100 dollars, for his debt and costs;
and the court doth further find that said debt was due
plaintiff on account of necessaries furnished the family
of the said John S. White, deceased, and that defendant
Luna E. White, was the wife of the said John S. White,
deceased, and that they were living together as husband
and wife at the time of the institution of this suit; and
the court doth further find that the said John S. White,
now deceased, at the time of the institution of this suit
was insolvent and that defendant, Luna E. White, at the
time of the institution of this suit was and now is the
owner of a separate personal estate, to-wit:    One sorrel

horse. It is therefore ordered and adjudged by the court that plaintiff have and recover of and from the defendant, A. V. Darroch, administrator of the estate of the said John S. White, deceased, the sum of seventy-nine and 80-100 dollars, with costs of this suit; and it is further ordered and adjudged by the court that if the debt can not be made out of the estate of the said John S. White, deceased, that the said horse aforesaid now owned by the defendant, Luna E. White, be subjected to the payment of the said debt and costs aforesaid, and that the same be stated in the execution in the cause, and that execution issue therefor.''

An execution was issued on the foregoing judgment, directed to the sheriff of Barry county, reciting the judgment and then proceeding as follows:

''These are, therefore, to command you, that of the said described personal property, to-wit: the horse aforesaid, and if the same be not sufficient, then of other of the goods and chattels, lands and tenements of the said defendants, you cause to be made the judgment and costs aforesaid, and that you have the same before the judge of our said court on the first Monday in September, next to satisfy said judgment and costs.

''And have you then and there this writ, certifying how you executed the same.

''Witness J. C. Baker, clerk of our said court, with the seal thereof. Done at office in Cassville, in the county aforesaid, on the twenty-sixth day of March, A. D. 1903.          J. C. BAKER,

                                     ''Clerk.''

The execution was levied on the animal in question by Edward Ennis, deputy sheriff of Barry county, March 27, 1903. On the next day the plaintiff notified the officer that she was the head of a family and did not own $300 of personal property, including the mare; that she claimed the mare to be exempt from the execution under section 3159 of the Revised Statutes of 1899, and demanded that the sheriff release the levy. The

judgment recovered by Wilson was never classified in the probate court as a demand against the estate of John S. White, but that estate was shown to be totally insolvent. Mrs. White proved she was the head of a family and not possessed of $300 personal property.

The court instructed the jury to return a verdict for the defendant and refused an instruction to return one for the plaintiff; refused one also, that if the jury found the plaintiff was the owner of the horse and the head of a family, and had selected said horse as a work animal, and defendant afterwards purchased the horse at an execution sale, and that it was the only work animal plaintiff owned and she did not have personal property of the value of $300, the verdict should be in her favor.

The verdict and judgment were for the defendant and the plaintiff appealed.

GOODE, J. (after stating the facts).—No contention is made that the plaintiff was not the head of a family when the mare was levied on and the evidence conclusively shows she was. The mare was a work animal and exempt from execution. R. S. 1899, sec. 3159; Davis v. Williamson, 68 Mo. App. 307. Plaintiff claimed her exemption as soon as the levy was made and before sale; so the claim was timely. State ex rel. v. O'Neil, 78 Mo. App. 20.

The defense to the action is that the plaintiff is precluded by the judgment rendered in the case of Wilson against the administrator of her deceased husband and herself. It is argued that she ought to have asserted her claim and had it adjudicated at the trial of that cause, and that having failed to do so she could not assert it afterwards. This argument is founded on the last proviso of section 4340 of the Revised Statutes. That statute says all real and personal property belonging to a woman at her marriage or which comes to her during coverture by gift, bequest, inheritance, etc., shall not be liable to be taken by any process of law for the debts

of her husband; with a proviso that such property shall be subject to execution for any debt of the husband created for necessaries for the wife or family. The last clause of the section reads as follows:

"Provided, that before any such execution shall be levied upon any separate estate of a married woman, she shall have been made a party to the action, and all questions involved shall have been therein determined, and shall be recited in the judgment and the execution thereon."

The position of the defendant's counsel is that by virtue of that paragraph of the statute, every question concerning the right to levy on the mare must have been determined in the judgment in the other case, including her right to claim the animal as exempt from execution. This notion is wholly untenable. The statute relied on takes into consideration a proceeding against a husband to which his wife is made a party defendant in order to obtain an execution against her property for the judgment that may be rendered, on the ground that the debt was incurred by the husband for necessaries for the family. The statute was not enacted with reference to the death of the husband pending such a proceeding and the case going forward against his wife and the administrator of his estate. Such being the purpose of the enactment, it is apparent the legislature did not intend a wife should claim an exemption of property from execution in the suit; because, so long as her husband lives she is not the head of a family and not entitled to claim her separate property as exempt. In the suit brought by Wilson, plaintiff's husband died before judgment was rendered and the cause proceeded against Mrs. White and Darroch, the administrator. She became the head of the family at her husband's death; but the statute did not impose on her the duty of claiming an exemption in the pending suit on pain of losing her right to do so. The questions the statute requires to be adjudicated before execution issues against a wife's separate estate for

necessaries, are whether the debt sued for was incurred by the husband for family necessaries and whether the wife has a separate estate against which an execution may issue; not her right to claim exemptions as the head of the family if, peradventure, her husband dies before judgment. That the questions contemplated by the statute are those stated, was decided in Megraw v. Woods, 93 Mo. App. 647. Mrs. White asserted her right promptly, and as the property in controversy is undoubtedly exempt from execution, her right to recover its value is clear. Plaintiff bought with full knowledge of the facts.

The judgment is, therefore, reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.