G. H. FENSKE, RESPONDENT, v. FANNIE C. EPPERLY, APPELLANT.*

Kansas City Court of Appeals.   December 7, 1927.

*Corpus Juris-Cyc References: Husband and Wife, 30CJ, p. 984, n. 78.

*Thomas J. Tydings* for respondent.

*A. R. Hammett* and *A. C. Gladney* for appellant.

BLAND, J.—This is a suit seeking to subject certain personal property of the wife to a judgment for a debt created by her husband for necessaries for the wife and family. There was a verdict and judgment in favor of plaintiff and against defendant, sub-

jecting the personal property mentioned in the petition to the payment of the debt in the sum of $315. Defendant has appealed.

The suit was originally brought against the defendant, Fannie C. Epperly, and her husband, Harlace D. Epperly, but before the filing of the answer by the wife the suit was dismissed as to the husband. The suit was for $315 for rent of the house in which defendant and her husband and family lived. The lease of the house was not signed by defendant but by her husband, the debt being that of the husband alone. The answer consisted of a general denial. At the trial defendant objected to the introduction of any testimony and at the conclusion of plaintiff's testimony offered a demurrer to the evidence, which was overruled. Defendant stood upon her demurrer, resulting in judgment being rendered against her.

It is insisted by the defendant that the petition did not state facts sufficient to constitute a cause of action and that the court erred in refusing to sustain her demurrer to the evidence and in overruling her motions for a new trial and in arrest of judgment. It is agreed between the parties that the sole question involved is whether a married woman can be sued alone, without her husband being joined with her as a party defendant, on a debt of the husband created for necessaries furnished the wife and family and a judgment rendered against the separate personal property of such married woman, and such property sold to pay said debt.

The determination of this question involves the construction of section 7328, Revised Statutes 1919, which provides, among other things, that all real and personal property belonging to a woman at her marriage or which comes to her during coverture by gift, bequest, inheritance, etc., shall not be liable to be taken by any process of law for the debts of her husband with a proviso that such property shall be subject to execution for any debt of the husband created for necessaries for the wife or family and with a further proviso enacted in 1895, which is hereinafter set forth. Throwing some light on this point is the history of section 7328, which was first enacted in 1875. In the case of Gabriel v. Mullen, 111 Mo. 119, decided in 1892 and one from which both parties hereto seem to gain much comfort, it was held that it was unnecessary in bringing a suit of this nature to join the wife with the husband as a party defendant. In discussing this question the court stated, l. c. 122, 123—

"Prior to this enactment the wife's personalty in possession became answerable upon her marriage for all her husband's debts of every nature.

"When the Legislature saw fit to create a statutory separate estate in such property and vest it in her, free of liability 'to be taken by any process of law for the debts of the husband,' it had

the power to determine, as it did, the extent of the new estate, by providing that such property should remain (as it had been) 'subject to execution' for the particular class of debts indicated.

"This court has already held that a wife, owning a sole and separate equitable estate, might, nevertheless, charge her husband for necessaries for her support. [Miller v. Brown (1871), 47 Mo. 508.]

"In view of his personal liability for such necessaries, the Legislature no doubt considered it proper and just that her personal property as well as his should continue liable therefor. So it placed the limitation mentioned upon her separate ownership of it."

And at page 130 the court said that of this statute—

". . . the wife's personalty is pronounced 'subject to execution for the debt or liability of her husband,' created for such necessaries, just as it had been before the separate statutory estate in such property came into existence."

In 1895 (see Laws of 1895, p. 222) the statute was amended by inserting the last proviso, as it now appears therein, which reads as follows:

". . . that before any such execution shall be levied upon any separate estate of a married woman, she shall have been made a party to the action, and all questions involved shall have been therein determined, and shall be recited in the judgment and execution thereon. [R. S. 1909, sec. 8309.]"

This proviso was undoubtedly enacted on account of the decision of the Supreme Court in the case of Gabriel v. Mullen. In that case in discussing the question whether the wife would be deprived of her "day in court" by allowing her property to be taken for a debt created by the husband for necessaries furnished the family without her being joined with her husband as party to the suit, the court stated that she had her day in court under section 7323, Revised Statutes 1919, permitting her to sue in her own name and without joining her husband, and that if her separate estate was seized under execution in a suit against her husband alone, she could sue and raise the issue as to whether the judgment was for necessaries in several ways; "by replevin or by notice to the officer of her claim, and an action upon his bond, or against him alone for trespass; perhaps, in other forms." That case involved a suit in replevin brought by the wife to recover possession of her mare from the constable who had seized the animal by virtue of a levy of an execution upon a judgment against plaintiff's husband.

In the Gabriel case it was held that prior to the enactment of the statute of 1875, "the wife's personality in possession became answerable upon her marriage for all her husband's debts of every nature" and that in enacting that statute the Legislature created

a separate estate in the property of the wife free from liability for the husband's debts save that the wife's personalty should be subject to debt for necessaries furnished the family; that the statute left the wife's separate estate, so far as those debts were concerned, the same as it was before the enactment of the statute. In other words, the wife was given a separate estate in her personal property with the limitation that it should be subject to the debts of the husband made in the acquisition of necessaries furnished the wife and family. In the respect of being able to control the personal property of the wife in this manner, the husband's rights were the same as at common law.

We think that the amendment of 1895 did not change the statute in this respect but merely provided that the wife should be made a party to the action so that "*all questions involved*" should be determined, that is, not only the question of the personal indebtedness of the husband to the plaintiff but the issue that the wife could theretofore have raised in a separate suit, that is to say, the question as to whether or not the debt created by the husband was really for necessaries furnished for herself and family. As the statute of 1875 gave her a separate personal estate free from the debts of her husband, except those for necessaries, she, of course, has a right to contest that question. In the case of Moran v. Muntz, 175 Mo. App. 360, 366, it was stated that the Legislature amended section 7328 "to relieve married women from the hard consequence of having their separate estates seized under executions growing out of proceedings to which they were strangers." The effect of the amendment was merely to require the wife to be made a party so that such a question as that stated in Gabriel v. Mullen, relating to whether the suit was for necessaries, be determined in one action, that is, the original action brought against the husband for the debt created by him. So prior to the amendment of 1895, the wife had her day in court by bringing suit in her own name and in her own right while now all her rights are determined in the original suit by the creditor against the husband.

It was said in Latimer v. Newman, 69 Mo. App. 76, 82, that this statute, as amended—

". . . was not intended to embrace causes of action against married women, nor to authorize suits against them upon their contracts. Married women may sue and are suable under another section, to-wit, section 6864 of the revision of 1889. [Hiltenbrandt v. Robitzsch, 62 Mo. App. 437.] The section under which this petition was filed has been construed by the Supreme Court in the case cited above. According to that decision, it only provides a mode of enforcing a debt due from the husband by execution against certain property of the wife, and *in order to determine the liability of the*

*property sought to be charged in one proceeding* the amendment of 1895 was adopted requiring the wife to be joined.'' (Italics ours.)

Even though it be found that the indebtedness is for necessaries, the judgment to be rendered against the wife is not one *in personam* but one *in rem*. ''There can be no personal judgment against her for such debt of her husband. It is only her *property* which is liable. . . . Therefore, as to the wife, the suit is rather a proceeding *in rem* than *in personam*. The judgment rendered as to her, ascertains and concludes no fact except that she has a separate estate, subject to its satisfaction.'' [Megraw v. Woods et ux., 93 Mo. App. 647, 653; Moran v. Muntz, supra.]

The question as to whether there is an indebtedness owing the plaintiff by the husband, as distinguished from the question as to whether the indebtedness was for necessaries, can only be determined in a suit between the creditor and the husband. This indebtedness, of course, must be so determined before there can be any judgment rendered against the wife's property. The judgment *in rem* against the wife is only incidental to the personal judgment against the husband. Not only this, but the husband is still interested in the wife's separate personal property insofar as he may create a liability against it for necessaries. He ought to be made a party before any judgment is rendered against such property. It therefore seems clear that this suit cannot be maintained without the husband being made a party.

Section 7323, Revised Statutes 1919, providing that a married woman shall be deemed a *feme sole* to enable her, among other things, ''to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered against her, and may sue and be sued at law and in equity, with or without her husband being joined as a party'' has no bearing upon this case. That section has reference to ordinary suits by and against the wife and not proceedings *in rem* against the separate estate of the wife to subject it to a judgment for necessaries purchased by the husband for the wife and family. It is ordinary suits that a wife is entitled to bring under section 7323, such actions as the court mentioned in the case of Gabriel v. Mullen, l. c. 124, when it was discussing those suits that the plaintiff therein could have brought to protect her property that had been levied upon for the debt of the husband claimed to have been for necessaries. In the case at bar if the wife had promised to pay the debt, then suit against her alone would have been authorized by section 7323 but in the absence of such a promise by her, the only suit that can be brought against her is that authorized by section 7328, which requires that her husband be made a party. [See Nunn v. Carroll, 83 Mo. App. 135, 140; White v. Wilson, 106 Mo. App. 406, 411.]

It is insisted that if there was a defect of parties, it was apparent on the face of the petition and as there was no objection made by demurrer or answer the question is waived. We think there is no merit in this contention. As we have before pointed out, there can be no judgment rendered in a suit against the wife where the husband is not a party. The petition stated no cause of action and the judgment was a nullity and for that reason was subject to attack by the motion in arrest of judgment. [Clark v. Brown, 25 Mo. 559; Steinkamper v. McManus, 26 Mo. App. 51; Gruen v. Bamberger, 11 Mo. App. 261; Lilly v. Menke, 126 Mo. 190; Hiles v. Rule, 121 Mo. 248.]

The judgment is reversed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.