———o———

In the Matter of Estate of John Walsh, deceased, vs. William Morrissey, Administrator, Appellant.

1. Judgment affirmed.

*Appeal from St. Louis Circuit Court.*

*M. Kinealy*, for Appellant.

*Bakewell & Farish*, for Respondent.

Vories, Judge, delivered the opinion of the court.

This case originated in the Probate Court in and for St. Louis county, the controversy growing out of exceptions made to items in the administrator's account of credits claimed by him in making his final settlement of the estate of his intestate.

It appears from the record, that John Walsh, the deceased, died between four and five o'clock of the afternoon, of the 10th day of August, 1866; that he had a wife and one son, who survived him; that the son died between nine and ten o'clock of the same evening, and that the widow, Johanna Walsh, died on the same evening between ten and eleven o'clock.

After the death of the whole family, administration was granted to William Morrissey on the estate of John Walsh, and the public administrator took charge of the estate of Johanna, the widow of John Walsh.

It further appears, that Morrissey, as the administrator of the estate of John Walsh, made two annual settlements of said estate in the Probate Court, one at the September term, 1867, of said court, and the other on the 21st day of December, 1868.

At the time of the death of said John Walsh, his father, Michael Walsh, who was an old man over seventy years of age and without means, resided with his said son; that the old man, shortly after the death of his son and his family, desired to return to Canada, where he had formerly resided, and, not having the necessary means on which to travel, applied to Morrissey, the administrator of his son, for assistance; that Morrissey, mistakenly believing, that as the whole family of John were dead, that his father would be and was his sole heir and distributee, concluded to and did advance the old man the sum of two hundred dollars. The old man immediately went to Canada, where he has ever since remained. After this transaction, when Morrissey made his first annual settlement, he presented the receipt of the old man Walsh for the two hundred dollars advanced to him, and claimed a credit for said amount as for so much paid out in the course of his administration of the estate of John Walsh. He was then informed, that, as the child of John Walsh and his wife were both living at the time of his death, the father was not a distributee of the estate, and this account for two hundred dollars was rejected by the Probate Court, and the settlement made without any reference thereto. Shortly after this settlement Morrissey, the administrator of John Walsh, procured his attorney, who was advising and assisting him in reference to his duties as administrator, to make out an account in favor of Michael Walsh (the father of John) for the sum of two hundred dollars for money loaned to his son in his lifetime; the attorney made out the account, and prepared a proper affida-

vit to be made by the father, in order to present the account to the Probate Court for allowance, and also prepared a power of attorney, purporting to authorize one Butler to present the claim for allowance to the Probate Court in the name of and for Michael Walsh, and sent these papers to Canada to the old man Walsh to be by him executed and returned. These papers were afterwards executed by Michael Walsh in Canada, and returned to the attorney who prepared and sent them, who together with Morrissey appeared in the Probate Court on the 4th day of December 1867, and presented this account for two hundred dollars for allowance as a demand against the estate of John Walsh, deceased. The administrator waived notice, and some evidence was introduced, and the claim allowed by the court. In a few days after the allowance of this demand, and during the same term of the Court, persons interested in the estate appeared in the Probate Court, and made a motion to set aside said allowance, because it was claimed, that the account allowed was fictitious and fraudulent, that no such indebtedness existed, and that it had been allowed, and presented, by the collusion of the claimant and the administrator. Notice of this motion was given to the administrator, and to the attorney who had procured the allowance of the account, he being also the attorney of the administrator in the management of the estate. The administrator and attorney both appeared at the hearing of the motion, but the attorney claimed that he was no longer the attorney of Michael Walsh, that he had ceased to be his attorney since the claim was allowed, but he appeared and resisted the motion. The court proceeded to hear the motion, and, after hearing the evidence, set the order allowing the claim for the two hundred dollars aside and rejected the same. On the 22st day of December, 1868, Morrissey, the administrator of John Walsh's estate, made his second annual settlement; at this settlement he produced amongst other things the account for two hundred dollars, which had been allowed in favor of Michael Walsh and the allowance thereof afterwards set aside by the court as was herein before stated, and

claimed a credit in his favor in said settlement to that amount. The account had the receipt of Butler, the attorney in fact of Michael Walsh, indorsed thereon, bearing date on the same day that the account had been allowed by the Probate Court ; the account was rejected by the Probate Court, and the annual settlement made without making any allowance to the administrator therefor. The court found on said second settlement, that there was a balance against the administrator in favor of the estate of three hundred and ninety two dollars and twelve cents, and there follows the following entry made by the Probate Court: "Hereupon also comes Catherine Sheeby, the mother of deceased widow of John Walsh, deceased, James Ralahan, brother of said widow, and Eliza Kiley and Catherine Haley, sisters of said widow, and it being shown to the satisfaction of the court, that said Catherine Sheeby, James Ralahan, Eliza Kiley and Catherine Haley are the lawful and only heirs at law of said John Walsh, deceased, whereupon, on motion of said heirs, it is ordered by the court, that the said William Morrissey, administrator as aforesaid, do pay to said Catherine Sheeby, James Ralahan, Eliza Kiley, and Catherine Haley, each, the sum of ninety dollars on account of their several distributive shares in the estate of John Walsh, deceased."

From this order of distribution made by the Probate Court, Morrissey, the administrator, appealed to the Circuit Court, where the order was set aside and the case remanded to the Probate Court.

On the 17th day of December 1869, the said Morrissey, administrator of John Walsh, deceased, having given due notice for said purpose, appeared in the Probate Court, and exhibited his account for a final settlement of said estate. The distributees of said estate also appeared, and objected to various items of the account exhibited by said administrator, and also filed their objections to various items before allowed to him in his previous annual settlement of said estate, and the court having fully heard and considered the same, found the balance in favor of the estate and against the administrator, to be one

hundred and sixty eight dollars and seven cents, and ordered the administrator to distribute the same by paying the same to Henry Gambs, public administrator, having in charge the estate of the widow of John Walsh, deceased. From this order the said Morrissey appealed to the St. Louis Circuit Court.

In the Circuit Court at special term the distributees again appeared, and renewed their objections or exceptions to the various items of the account, which had been presented by the administrator for final settlement.

Among the items of the account objected to was the account or allowance for two hundred dollars in favor of Michael Walsh, which allowance was afterwards set aside by the court as before stated.

The distributees of the estate also objected to the following items in the account filed for a final settlement, and which had been allowed to the administrator by the Probate Court in his annual settlements, to-wit:

1st. An account for funeral expenses of Mrs. Walsh and child, who both died after the death of John Walsh, . . . . . . . . . $105 00.

2nd. They objected to one-half of an account for fifty dollars for church services at the funeral of Walsh and his wife, . : . . . . 25 00.

3rd. The funeral services and expenses of the child of Walsh that died after the death of its father, . . . . . . . . . . . . . 63 45.

4th. To an amount over-charged by administrator for his services, . . . . . . . . . 9 70.

5th. To a credit of forty dollars, with which the administrator was charged, for the property of widow. . . . . . . . . . . . 40 00.

The main contest in the case seems to have been over the account for two hundred dollars in favor of Michael Walsh. The evidence in reference to that account tends to show, that the account was a mere pretended account gotten up by the administrator to repay himself the two hundred dollars advanced by him to Michael Walsh under the mistaken idea, that

he was a distributee of the estate, and that the only way that
the administrator had ever paid the account to the agent of
Michael Walsh was by cancelling the debt against Michael
Walsh for the money so advanced, and that the administrator
procured the account to be allowed for the mere purpose of
re-imbursing himself in that sum by this indirection.    The
court seems to have rejected the account on that ground, and
we think committed no error in so doing.    It is contended
by the administrator, that as the second annual settlement
was appealed from, in which this account had been refused,
and the action of the Probate Court in the making of said
settlement was reversed, that such reversal had the effect of
establishing the said account, and that such judgment was final.
But by an examination of the record it will be seen, that
nothing was appealed from or passed on by the Circuit Court,
except the order of distribution.    This account was never be-
fore the Circuit Court in the trial of the appeal.

The accounts for the funeral expenses of the widow and
child of the deceased were excluded on the ground, that they
were properly demands against the estate of the wife of the
deceased, as they were contracted after the death of Walsh.

This was a correct exposition of the law, but was technical,
as all died and were buried nearly at the same time, but we
cannot say the court erred.    The Circuit Court certainly er-
red in charging the administrator with the value of the goods,
which were the absolute property of the widow, and had been
erroneously inventoried by the administrator, but this error
was corrected by the court at general term, so that the ad-
ministrator was not injured.    As to the other items in the ac-
count objected to, the record is in such a.confused state, that
we are not able to say how the Circuit Court decided them,
or whether the exceptions were allowed or not.    In fact there
is nothing in the record, from which we can see how any of
the exceptions were decided by the court, except as we infer
it, and being unable to see any substantial error in the record,
the judgment will be affirmed.

Judges Adams and Wagner absent.    The other judges
concur.