STONE *v.* TYACK.

1. HUSBAND AND WIFE — LIABILITY OF HUSBAND — FUNERAL EX-
   PENSES.
   The husband is primarily liable for the ordinary funeral ex-
   penses of his wife.

2. SAME—PARENT AND CHILD.
   And where the wife's stepfather undertook to pay the funeral
   expenses, he may recover the amount thereof, if reasonable,
   from the husband who had deserted the deceased.

3. SAME.
   It is not a sufficient defense to the action that he did not first
   notify the husband of her death, although he took the best
   course known to him to advise defendant, who had knowl-
   edge that the wife was in an asylum, and who had made no
   provision for notifying himself of her condition.

4. SAME.
   Nor was it necessary that plaintiff should have expected to be
   reimbursed at the time he paid the expenses.

5. SAME—ACTIONS—DEMAND.
   No demand was required to fix defendant's liability before suit.

Error to Oakland; Smith, J. Submitted January 12,
1911. (Docket No. 80.) Decided February 1, 1911.

Assumpsit in justice's court by Aaron Stone against
Thomas O. Tyack. On appeal to the circuit court judg-
ment was rendered for plaintiff and defendant brings
error. Affirmed.

*J. Arthur Tillson*, for appellant.

*Pelton & McGee*, for appellee.

Plaintiff was the stepfather, and defendant the husband,
of one Flora Tyack, who died at the State asylum for the
insane at Pontiac, September 6, 1909. Thomas Tyack
and Flora Tyack were married in 1888, and lived together

as husband and wife up to about 1907. In January, 1908, Mrs. Tyack caused her husband's arrest for adultery; but upon the trial her complaint was withdrawn, and Tyack was discharged. In July, 1908, Tyack filed a bill for divorce against his wife; but the cause was never brought on for hearing. It appears from the record that during the year 1908 the wife from time to time worked out for her support. At other times she seems to have lived with Tyack at the home of his parents. On October 21, 1908, she was admitted to the insane asylum as a public charge. From the day of her admission to the day of her death, Tyack did not visit her at the asylum, being advised by his mother that this was the best course for him to follow. Upon the death of Flora Tyack, the asylum authorities sent a telegram to her mother (plaintiff's wife) advising her of the death, and requesting that arrangements be made for the removal of the body. Thereupon plaintiff made the necessary funeral arrangements and incurred the liability therefor. It appears that neither plaintiff nor his wife knew where Thomas Tyack was at this time. A letter was, however, written to Frank Tyack, brother of Thomas, who resided at Pontiac, and he was advised to notify Thomas. Frank and his wife attended the funeral. Thomas was not present at the funeral, and seems not to have learned of his wife's death until a week after it occurred. Plaintiff recovered a judgment for $90.18, being the amount of the funeral expenses, and defendant has removed the case to this court for review.

BROOKE, J. ( *after stating the facts* ). Defendant urges four reasons why plaintiff should not recover, as follows:

( *a* ) Because it is admitted by plaintiff that he made no effort to notify the defendant of the death of defendant's wife, and defendant had no notice and no opportunity to bury the deceased.

( *b* ) Because plaintiff voluntarily and gratuitously assumed the obligation.

(*c*) Because plaintiff made no demand upon defendant before bringing suit.

(*d*) Because there was no contract, express or implied.

That the husband is primarily legally liable for the ordinary funeral expenses of his wife, is not open to question. *Sears* v. *Giddey*, 41 Mich. 590 (2 N. W. 917, 32 Am. Rep. 168); *Galloway* v. *McPherson's Estate*, 67 Mich. 546 (35 N. W. 114, 11 Am. St. Rep. 596); *Gleason* v. *Warner*, 78 Minn. 405 (81 N. W. 206); 21 Cyc. p. 1233, and cases cited; 15 Am. & Eng. Enc. Law (2d Ed.), p. 880.

Defendant's first position is untenable for the reason that the record clearly shows that plaintiff did not know where defendant lived. He was therefore unable to notify defendant, even if it was his duty to do so. Under the circumstances presented by this record, he did not owe this duty to defendant, though, by causing a letter to be written to defendant's brother, he apparently took the best means at hand to bring the fact of Mrs. Tyack's death to defendant's notice. Had defendant displayed the slightest interest in his wife's welfare, he would have arranged with the asylum authorities to keep him advised of her condition and of her death, if it should occur. This simple act of humanity towards the woman he had lived with for nearly 20 years, as husband and wife, he did not perform. He should not be heard to complain now, because a stranger did not cause him to be notified. It was his duty to have provided for such notice himself.

The fact that, at the time the liability for the funeral expenses was incurred by plaintiff, he expected to discharge that liability himself, is of no consequence. Public necessity demands burial, and, when not furnished by those legally liable, may be furnished by strangers, and the value thereof recovered from the person liable therefor. The liability of the husband, in the case at bar, is not altered by the fact that at the time of his wife's death they were living apart. *Cunningham* v. *Reardon*, 98 Mass. 538 (96 Am. Dec. 670); *Ambrose* v. *Kerrison*, 10 C. B. 776, 20 L. J. C. P. 135.

No contract between defendant and plaintiff was necessary, nor was it necessary to make a demand before bringing suit. The suit was itself a demand.

It should, perhaps, be noted that, in the case here considered, there is no claim of unlawful or officious interference with the husband's rights on the part of the plaintiff, and it does not appear that the cost of the burial was greater than was reasonably consistent with the station in life of deceased and her husband.

The judgment is affirmed.

MOORE, McALVAY, BLAIR, and STONE, JJ., concurred.