S. P. REYNOLDS, ADMR., APPELLANT, v. MASON S. RICE, RESPONDENT.

Kansas City Court of Appeals. May 5, 1930.

*Sterling P. Reynolds* for appellant.

*M. M. Morton* for respondent.

BOYER, C.—This litigation is over the claim of a surviving husband against the estate of his wife for funeral expenses paid by him. The claim was presented to the probate court where it was allowed. The administrator *pendente* duly appealed to the circuit court which also rendered judgment for the claimant from which he duly appealed to this court. The case was tried upon the following agreed statement of facts.

"It is hereby stipulated and agreed between S. P. Reynolds, administrator *ad litem* of the estate of Lulu J. Rice, deceased, and Mason S. Rice, that the appeal of said administrator *ad litem* from the judgment of the probate court rendered on the 1st day of March, 1929, allowing a demand in favor of Mason S. Rice in the sum of three hundred and thirty-five dollars ($335.00) with interest thereon at 6 per cent per annum from the date of said allowance of said demand, be submitted to this court on the following agreed statement of facts:

"Lulu J. Rice died testate on October 6, 1926, a resident of Buchanan County, Missouri, leaving an estate of personal property of approximate value of $2000 and leaving no children surviving her, but leaving said Mason S. Rice, her widower, three brothers and two sisters as her heirs at law. On October 25, 1926, on the application of Mason S. Rice, the Probate Court of Buchanan County, Missouri, made its order refusing to issue letters of administration and authorizing the said Mason S. Rice to collect, sue for and retain all of the property belonging to said estate in the same manner and with the same effect as if he had been appointed and qualified as executor thereof. After the death of the said Lulu J. Rice, the said Mason S. Rice did authorize and direct the burial by Louis Davis of the said Lulu H. Rice in an appropriate casket and did further retain said Louis Davis as an undertaker and funeral director to render such service as is properly incident to such burial and that the said Mason S. Rice did without compulsion, pay said undertaker and funeral director the sum of three hundred and thirty-five dollars ($335.00) in payment for said casket and services performed in the matter of said burial and funeral; that the said expenditure of three hundred and thirty-five dollars was reasonable in amount, taking into consideration the station in life of the said Lulu J. Rice at the time of her death; that on or about the —— day of ————, 19——, on the application of J. W. Nidy, one of the heirs of Lulu J. Rice, the Probate Court of Buchanan County, Missouri, did set aside its order refusing letters of administration upon the estate of the said Lulu J. Rice, made October 25, 1926, and thereafter the will of said Lulu J. Rice was admitted to probate and the said Mason S. Rice was named therein as executor, and on the 5th day of June, 1928, said Probate Court of Buchanan County, Missouri, did make its order appointing the

said Mason S. Rice as executor of the will of said Lulu J. Rice and thereafter, to-wit, on the 9th day of February, 1929, the said Mason S. Rice did file in the Probate Court of Buchanan County, Missouri, his claim against the estate of the said Lulu J. Rice for the amount that he, the said Mason S. Rice, had paid out for the expenses of the funeral of the said Lulu J. Rice as aforesaid, which claim is attached to the transcript of this proceeding, filed in this court and is made a part of this stipulation; that on March 1, the said Probate Court of Buchanan County, Missouri, did appoint said S. P. Reynolds as administrator *ad litem* to defend against said claim and thereupon said S. P. Reynolds did waive notice of exhibition of said claim and consent that same be then heard; that on the said 1st day of March, 1929, said claim came on to be heard before the Probate Court of Buchanan County, Missouri, said Mason S. Rice appeared in person and by his attorney, W. M. Morton, and said S. P. Reynolds, administrator *ad litem,* appeared in person and the evidence being submitted and heard, the court made its order allowing said claim in the sum of three hundred thirty-five dollars ($335.00).''

. The sole question is whether under the law and the evidence judgment was for the right party. Can a surviving husband who has paid necessary funeral expenses for his wife recover the amount from her estate?

### OPINION.

A husband is obliged to furnish necessaries for his wife and is bound to compensate third persons for them, whether furnished with or without his knowledge or consent. The wife may render him liable for them by her contracts with third persons. [Gately Outfitting Company v. Vinson (Mo. App.), 182 S. W. 133; Sauter v. Scutchfield, 28 Mo. App. 150.] The husband is not relieved by the fact that the wife may be possessed of a separate estate. [Boldwin v. Fowler (Mo. App.), 217 S. W. 637.]

In 30 Corpus Juris, on page 606, paragraph 156, the learned editor of the subject, ''Husband and Wife'' in dealing with the sub-topic, Necessaries and Family Expenses, including funeral expenses, and the liability of the husband therefor, states:

''At common law the husband is liable for the reasonable funeral expenses of his wife.''

In support of this statement the author cites cases from the states of Alabama, Arkansas, California, Connecticut, Georgia, Illinois, Kentucky, Maryland, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Washington, and England. It is further said:

"The obligation of the husband is sometimes placed in whole or part on the ground of common decency; but it is generally deemed to be included in, or to be incident to, or to grow out of, the duty to support and maintain the wife while living and to furnish her with necessaries."

This statement is supported by authorities from Maryland, New Jersey, Arkansas, California, Georgia, Illinois, Indiana, and Massachusetts.

The following cases hold that the surviving husband is primarily liable for the funeral expenses of the wife. [Ketterer v. Nelson, 146 Ky. 4, 141 S. W. 409; Stone v. Tyack, 164 Mich. 550, 129 N. W. 694; Waesch's Estate, 166 Pa. 204, 30 Atl. 1124.]

It is further stated in 30 Corpus Juris, page 607:

"It is held that the liability of the husband exists regardless of whether or not the wife may have had property of her own; that he is not absolved from his common-law obligation by statutes providing for a wife's separate estate; and that he cannot, upon paying the funeral expenses of the wife, charge such expenses to, or recover them from, her separate estate."

Numerous authorities are cited, and the text proceeds:

"In some states statutes providing for the payment of funeral expenses by the executor or administrator are construed to impose a mandatory duty on the executor or administrator of a deceased wife irrespective of the common-law obligation of the husband to meet these expenses. Under these statutes, so construed, the obligation of the surviving husband is secondary in character, and in the event of payment by him, the charge may be established as a claim against the estate of the deceased wife."

Such is the holding in the case of Constantinides v. Walsh, 146 Mass. 281, 15 N. E. 631, and In re Skillman, 146 Ia. 601, 125 N. W. 343. It is further stated:

"Other courts, however, construe such statutes as only recognizing priorities and establishing the order of payment as between claimants who have valid claims against the estate, and not as relieving the surviving husband from liability for the funeral expenses of the deceased wife."

In support of the last statement the following cases are cited: Kenyon v. Brightwell, 120 Ga. 606, 48 S. E. 124; Gustin v. Bryden, 205 Ill. App. 204; Bowen v. Dougherty, 168 N. C. 242, 84 S. E. 265; McClellan v. Filson, 44 Ohio State, 184, 5 N. E. 861. The last case holding that such statute renders the estate of the wife liable, but does not relieve the husband from his liability.

The same author further treating of the subject under the subtitle of "Wife's Separate Estate" and its liability for necessaries and family expenses, including funeral expenses, on page 923, paragraph 628, says:

"In some jurisdictions it has been held that the husband is primarily liable for his wife's funeral expenses although the wife possesses a separate estate, and that such expenses cannot be charged against her estate, . . ."

The authorities here cited are from Alabama, Connecticut, Illinois, Kentucky, Maryland, Michigan, Pennsylvania, and English cases. The author on the following page then presents this conclusion:

"The weight of authority, nevertheless, under the married women's acts, holds that the estate of the wife who dies leaving separate property is primarily liable for her funeral expenses, and that the husband having paid the same may recover from such estate, . . ."

The authorities cited under this statement are from Massachusetts, New York, Ohio, Rhode Island, Wisconsin, and English cases.

The exact question presented for consideration in the instant case does not appear to have claimed heretofore the attention of any of our own appellate courts. We are confronted by a contrariety of opinion and conflict of decisions from other jurisdictions, the value and weight of which depend on the reasons assigned, as well as the character of the various statutes and the declared policy of the several states. It would be a useless encumbrance to review in detail the various cases relied upon, and to examine the statutes to which reference is made, note differences, compare them, and the reasoning in the opinions, for the purpose of determining the sounder rule of decision. We shall give attention to our own statutes of administration said to be applicable, and the effect, if any, of the married women's acts. This because respondent states his position in these words:

"Granting, however, that at common-law the husband may have been liable for the burial of his deceased wife in the same manner that he was liable to furnish bodily support for her during her lifetime, respondent asserts that the Missouri Legislature by the adoption of the various statutes upon the subject pertaining to the administration of estates of deceased persons and by the adoption of the various married women's acts has definitely and unambiguously placed the liability for the funeral expenses of the deceased wife upon her estate in the hands of her administrator. This liability is first and primary. If it develops that the deceased wife has no estate sufficient to provide a decent burial, then and only then will it be proper to fall back upon such common-law liability of the husband as is contended for by the appellant if such can be established."

Respondent cites and relies strongly upon those authorities making reference to the various married women's acts, and holding that in view of them the separate estate of the wife is primarily

liable for her funeral expenses, and that the husband having paid them may recover from her estate. The inevitable conclusion to be drawn from all of such cases is that the statutes alter or change the common-law liability of the husband to furnish burial. We cannot concur in or follow any such conclusion. There is nothing of the kind in our married women's acts or in any other legislative measure looking to her so-called economic and political emancipation. There is no reference to or indication of any purpose or intent to alter, change or vary the common-law liability of a husband incident to the marital status. It has been expressly held by our Supreme Court in recent opinions that the married women's acts or other legislation have not diminished the common-law duty of the husband. In re Estate of Henry Wood, 288 Mo. 588, l. c. 600 et seq., contains this pertinent pronouncement:

"A husband's primary and paramount duty which begins with the marital relation and ends with its severance is to support and maintain his wife in such a manner as is consistent with his situation and condition in life. This duty found early recognition in the common law and has not been lessened by legislation. Married Women's Acts, which have empowered the wife to contract and be contracted with, and to control and dispose of her property, and her investiture with the rights of a citizen have not rendered less obligatory a compliance with this duty of the husband."

And in the case of Rudd v. Rudd, 318 Mo. 935, l. c. 941, the court en banc, gave expression to similar views respecting the obligation of the husband to the wife and added:

"This is an inseparable incident of the marital relation. Imposed by law and sanctioned by civilization, the duties it enjoins are not the subject of contract between the parties. . . ."

Thus we see that the question of the effect of the married women's acts upon the obligations of the husband arising out of the marital relation is put at rest, for the present, and the common-law duty of the husband incident to that relation remains unchanged.

But respondent contends, that the statutes of administration fix the primary obligation for funeral expenses upon the estate of the wife and thereby relieves the husband. The provisions which are said to be pertinent, and in fact decisive of the case, are pointed to as sections 181, 207, and 220, Revised Statutes 1919. Section 181 reads in part as follows:

"Demands, how divided.—All demands against the estate of any deceased person shall be divided into the following classes:

"1. Funeral expenses.

"11. Expenses of the last sickness, wages of servants, and demands for medicine and medical attendance during the last sickness of deceased."

The section provides for the classification of demands to and including the sixth class.

The portion of section 207 cited is in these words:

"All demands against any estate shall be paid by the executor or administrator, as far as he has assets, in the order in which they are classed; and no demand of one class shall be paid until all previous classes be satisfied; . . ."

And that part of section 220 relied upon reads:

"In all settlements of executors or administrators the court shall settle the same according to law, allow all disbursements and appropriations made by order of the court, and all reasonable charges for funeral expenses, . . ."

It is argued that these sections of the statute apply to the estates *of all deceased persons;* that there is no exception written in the statute, and if the Legislature had intended to except the estates of married women it would have so stated; that exceptions are inserted in other statutes in behalf of married women and minors; that married women have been given additional privileges and rights and the whole trend of our legislation has been to place the married women on a plane with that of any other person; that her estate must necessarily assume similar burdens to those of other persons, and therefore her funeral expense is a primary liability upon her estate; that other states have so construed the effect of similar administration statutes, and that Missouri should do likewise.

Our view is that the purpose of the above sections was to establish priority and procedure. There is nothing in them, nor in the married women's acts, which in any way intimates a legislative intent to alter or change in any manner the common law applicable to the duties of the husband.

It may be conceded that the estate of a deceased wife is liable to a third party for funeral expenses, but this fact does not aid the argument in favor of the liability of her estate to her husband for such expense. The husband is equally liable, and in case he discharges the obligation he is merely paying his own debt. He cannot demand and receive reimbursement from the estate of his wife for the performance of his own legal and moral obligation to her. If a husband desires to play the role of a derelict, escape his obligation, and shift the burden of the final necessity upon the estate of his wife he can do it by declining the sacred trust of sepulture.

No one would contend against the right of the surviving husband to the possession of his wife's remains, together with the right of interment. The courts have declared what is termed a quasi-property right which entitles husband or wife or next of kin to the possession or control of the body for the purpose of burial; and recovery may be had for injury done to or indignities committed upon the body of the deceased as though a property right did exist.

Wall v. Railroad, 184 Mo. App. 127, 133 and cases cited. The legal recognition of such right implies a correlative duty, and furnishes an additional reason, if any be needed, for the husband's obligation to make suitable disposition of his wife's remains.

In view of the holding of the Supreme Court of our State above referred to we are not at liberty to follow the reasoning and the rule adopted in other states to the effect that the married women's acts have altered the situation; and in respect to the administration statutes, we follow the interpretation that they are primarily statutes fixing priorities and procedure and have no application to the question in hand. And we may add that it is a mere matter of justice to afford a third person who has furnished burial, recourse against the estate of the deceased wife in the event of his failure to collect from an impecunious husband. The fact that a creditor may have a concurrent remedy against the wife's estate does not relieve the obligation of the husband. Respondent apparently concedes that in the event that the deceased wife leaves no estate the undertaker could compel payment by the surviving husband. We hold that his liability exists whether the wife was solvent or insolvent, and that his obligation to pay such necessary expense is equal to if not greater than the obligation of the estate of the deceased to pay the same. It is not claimed that the husband cannot be required to pay for the necessaries of life furnished his wife, including medical attention and expense of last sickness. His obligation to pay funeral expenses is equally binding. If the reasoning of respondent be logical and sound to the effect that the husband may recover from his wife's estate the amount of funeral expenses paid by him, he could also recover expenses for her last illness. As we view it there is no difference whatever in the character of these obligations. To relieve the husband from either is plainly against the marital rights of the wife. Death-bed desertion should not be encouraged. The immemorial practice of civilization requires the burial of the dead. Good morals and good law resting upon common decency and public policy demand the discharge of the marital obligation even to the sepulcher.

The learned trial court was no doubt led into error by the confusion of legal tongues and by a reliance upon those cases which were held to constitute the weight of authority. Some of them hold that the husband and third parties occupy the same relation to the estate of the deceased wife, and if a third party could recover from the estate so could the husband. No such conclusion could have been reached in those cases without a complete oversight, or an evasion, of the primary obligation of the husband incident to the marital relation, or unless some statute had modified the husband's common-law liability. There has been no such statutory modification in this State and we are impelled, without hesitancy,

to declare the sounder rule to be that, under the circumstances in this case, the husband cannot recover.

It follows that the judgment of the trial court should be reversed with direction that the claim be denied, judgment entered for the estate, and same certified to the probate court. The Commissioner so recommends. *Barnett, C.*, concurs.

PER CURIAM:—The foregoing opinion by BOYER, C., is hereby adopted as the opinion of the court. The judgment is reversed with direction that the claim be denied, judgment entered for the estate, and same certified to the probate court. All concur, except *Trimble, P. J.*, absent.