GLENN E. KENT, RESPONDENT, v. H. L. KNIGHT, ADMINISTRATOR OF THE ESTATE OF ANNE COX RANKIN, DECEASED, APPELLANT.—98 S. W. (2d) 318.

Kansas City Court of Appeals.   November 9, 1936.

*W. A. Lintner* for respondent.

*L. E. Atherton* for appellant.

BLAND, J.—This is a proceeding arising in the probate court of Sullivan County, wherein plaintiff filed a claim against the estate of Anne Cox Rankin, deceased, in the sum of $340.85, covering his bill as undertaker for services rendered at the burial of the deceased. The case went to the circuit court on appeal and was there tried without the aid of a jury, resulting in a judgment in favor of plaintiff in the amount sued for. Defendant has appealed.

The facts disclosed by the record are meager. It is stated in the briefs that Charles C. and Anne Cox Rankin, who were husband and wife, were killed in an automobile accident on June 16, 1934; that Anne Cox Rankin died about four or five hours before her husband. The record discloses, merely, that Mrs. Rankin died before her husband and that the plaintiff officiated as undertaker at the funeral of each; that Charles C. Rankin and his wife were dead and unburied at the same time and two funeral "selections" were to be

made; that the "selection" for the wife's funeral was made and approved by Mr. Wilbur Cox and his wife, the former being a son of the deceased, Anne M. Cox.

The evidence shows that the husband's estate is ample in amount to cover the expenses of his wife's funeral and the sole question presented is whether, under such circumstancs, any recovery can be had against the wife's estate.

At common law the husband, alone, was liable for the funeral expenses of his deceased wife, her estate not being liable. This liability upon the husband has been said by some of the cases to grow out of his obligation to furnish his wife the necessaries of life, which include her burial expenses. Other cases put the liability on the ground that, subject to the laws passed in relation to public health, the husband has the right to the possession of the body of his deceased wife between the time of death and burial; that he has the right to direct the place and manner of burial; that he has the right to change the place of sepulture at any time; that he may recover damages against any one who unlawfully mutilates her dead body or otherwise wrongfully interferes with it; that no other person has the right to interfere with his possession of the body and that from these rights arise the corresponding duty of bearing the expense of her interment. [Reynolds v. Rice, 27 S. W. (2d) 1059; Kenyon v. Brightwell, 120 Ga. 606; Bowen v. Daugherty, 168 N. C. 242; Smyley v. Reese, 53 Ala. 89; Cunningham v. Reardon, 98 Mass. 538; Butterworth v. Teale, 54 Wash. 14, 16; Galloway v. McPherson Est., 67 Mich. 546; McClellan v. Tilson, 44 Ohio St. 184, 186, 187; Staples Est. from Probate, 52 Conn. 425; Stone v. Tyack, 164 Mich. 550; In the matter of the Est. of Lucy Weringer, 100 Calif. 345; Gould v. Moulahan, 53 N. J. Eq. 341; Stonesifer v. Shriver, 100 Md. 24. 30, 31; Gustin v. Bryden, 205 Ill. App. 204; 30 C. J., pp. 606, 607; 13 R. C. L., p. 1213.] Most of the cases on the subject are reviewed in Gustin v. Bryden, supra.

It is stated in Bowen v. Daugherty, 168 N. C. 242, supra, l. c. 244:

"As a general rule, neither the wife nor her estate was legally liable for such claims, though courts empowered to administer her estate on equitable principles, have enforced them in certain instances [In re McMyne, L. R., 1886, Chan. Div., 575], a position which has been allowed to obtain, in this country, where the husband has failed to pay and, being insolvent, payment from him or his estate could not be enforced. [Carpenter v. Hazelrig, 103 Ky. 538; Gould v. Moulahan, 53 N. J. Eq. 341; Fogg v. Holhook, 88 Me. 169-80; 33 L. R. A. 660, and note.]"

The question to be determined is whether the common law has been changed by statute in this State. No such statute is pointed out

by the plaintiff. It was held by this court in the case of Reynolds v. Rice, supra, that neither the statute providing in effect for the payment of funeral expenses by the executor or administrator of an estate or the married women's statute imposes a burden upon the estate of the wife to bear of her funeral expenses. We are, therefore, of the opinion that this suit cannot be maintained against the estate of the wife.

Plaintiff calls our attention to the case of In the Matter of the Estate of John Walsh, deceased v. Morrisey, 54 Mo. 309, in support of his contention that the funeral expenses were a proper demand against the estate of the wife in this instance, because they were contracted after her husband's death. An examination of that case discloses that the husband predeceased his wife. Of course, under such circumstances, his estate was not liable for her funeral expenses. In the case at bar the husband was alive when his wife died. It is not a question as to when the undertaker employed, the obligation of the husband to bury his wife became fixed upon her death. [See Hayes· v. Gill, 226 Mass. 388, 390.]

In support of his contention that the estate of the wife is liable, plaintiff cites 30 C. J., pp. 607, 924 and 24 C. J., p. 306. 30 C. J., at page 607 states that the weight of authority is to the effect that the wife's estate may be held liable for her funeral expenses and refers to note 93 on that page. Note 93 refers to paragraph 628 under the subject of "Husband and Wife." In paragraph 628, page 924 of 30 Corpus Juris, it is stated: "The weight of authority, nevertheless, under the married women's acts, holds that the estate of the wife who dies leaving separate property is primarily liable for her funeral expenses, and that the husband having paid the same may recover from such estate." In support of this statement in Corpus Juris cases are cited in the notes holding that the married women's act does effect the matter and that the statute providing for the payment of funeral expenses by the executor or administrator imposes a mandatory duty upon the executor or the administrator of the deceased wife's estate to meet these expenses. If the statutes in those states are similar to the ones in Missouri covering such matters, then the cases are in conflict with the decision of this court in the case of Reynolds v. Rice, supra. Note 93 at page 607 of Corpus Juris also refers to paragraphs 924 and 926 under the heading "Executors and Administrators." Turning to these sections at pages 306 and 307 of 24 Corpus Juris we find that it is stated that the rule that an estate of a deceased is liable for the necessary expenses of his funeral and burial and is applicable to the estates of married women. However, we have examined the cases cited in support of this statement and find that most, if not all of them are based upon statutes applying to administration of estates and providing that funeral expenses, etc., shall be paid by the

estate. As already stated, our statute relative to this matter is held to be one providing only for priority of payments of claims and impose no liability. [See Reynolds v. Rice, supra.]

Plaintiff calls our attention to some of the language used in the case of Reynolds v. Rice, supra, which seems to bear out his contention that, although the husband is liable for the funeral expenses of his deceased wife, the wife's estate is also liable. It is stated in Reynolds v. Rice, l. c. 1062: "It may be conceded that the estate of a deceased wife is liable to a third party for her funeral expenses." Defendant contends that this statement has reference to section 3003 Revised Statutes 1929, providing for the holding of the wife's separate estate for necessaries furnished the wife or family. Plaintiff contends that said section has no application to payment of the wife's funeral expenses as it would be impossible to proceed therefor under the provisions of that statute. Whatever the learned commissioner, who wrote the opinion in that case, may have meant by the use of the language quoted, it seems quite apparent to us that there is no way of holding the wife's estate for her funeral expenses unless a proceeding therefor is proper under the provisions of section 3003. However, we need not determine that question for the reason that this suit is not brought under that statute. [See Fenske v. Epperly, 282 S. W. 81.] It is sufficient to say that it was unnecessary for the court to have said in rendering a decision in the case of Reynolds v. Rice, supra, what we have quoted from the opinion in that case. In that case the husband paid his wife's funeral expenses and the proceeding was to determine whether his claim for repayment against his wife's estate could be allowed. It was held that it could not be. Whether the estate of a deceased wife would be liable for her funeral expenses to any other person than the husband was not involved in that case. Consequently, what was said was *obiter dicta*. This may also be said of the language used on page 1062 of the opinion reading as follows: "If a husband desires to play the role of a derelict, escape his obligation, and shift the burden of the final necessity upon the estate of his wife, he can do it by declining the sacred trust of sepulture."

It may be literally true, as stated in 30 C. J., at page 607, that the weight of authority is that the wife's estate is liable for her funeral expenses but, of course, no mention is made at this place by Corpus Juris as to how the weight of authority came about. An examination of all of the authorities on the subject clearly discloses that the weight of authority is made up of cases founded upon statutes such as we have described which are either unlike our own statute or, if similar, have been construed in a different manner than we construe ours.

From what we have said, the judgment should be reversed, and it is so ordered. All concur.