IN THE MATTER OF THE GUARDIANSHIP ESTATE OF ALICE HUTCHERSON, A PERSON OF UNSOUND MIND. CORA MUELLER, GUARDIAN AND CURATOR, RESPONDENT, v. BEULAH M. KRIEG, ADMINISTRATRIX OF THE ESTATE OF L. M. HUTCHERSON, DECEASED, APPELLANT.— 199 S. W. (2d) 899.

St. Louis Court of Appeals. Opinion filed February 18, 1947.

Appellant's motion for rehearing overruled March 21, 1947.

802

*A. H. Juergensmeyer* and *Glover E. Dowell* for appellant.

*B. H. Dyer* for respondent.

ANDERSON, J.—On August 7, 1937, the Probate Court of Warren County adjudged Alice Hutcherson to be a person of unsound mind, and appointed her husband, L. M. Hutcherson, to be her guardian and the curator of her estate. On the same day, the said probate court entered an order authorizing said guardian to commit his said ward to State Hospital No. 1, at Fulton, Missouri, and directed that $30 per month be paid out of the ward's estate to said hospital for the maintenance of said ward at said institution. On August 9, 1937, Alice Hutcherson was admitted to said hospital, and she has at all times since remained there as a patient. On August 9, 1937, L. M. Hutcherson filed an inventory in the estate of his ward showing assets of the value of $5,086.60, consisting of real estate, United States Government bonds, cash, and personal and household effects.

Thereafter, L. M. Hutcherson, as guardian, filed seven annual settlements of his guardianship accounts, and in each settlement he took credit for the amounts paid by him to the state hospital for the support and maintenance of his ward during the period covered by such settlements. Each of these settlements was approved by the probate court.

On February 13, 1945, L. M. Hutcherson died, and Beulah M. Krieg, his daughter, was appointed administratrix of his estate. On March 26, 1945, Cora Mueller was appointed guardian of the person

and estate of Alice Hutcherson. On April 3, 1945, Beulah M. Krieg, as administratrix of the Estate of L. M. Hutcherson, filed a final settlement of the accounts of L. M. Hutcherson in the guardianship estate of Alice Hutcherson, in which settlement she took credit for two items of $90 each paid by L. M. Hutcherson, as guardian, out of the estate of his ward, for her maintenance and support at the state hospital. Thereafter, Cora Mueller, guardian of Alice Hutcherson, filed exceptions to each of the seven annual settlements made by L. M. Hutcherson in said guardianship estate, and filed exceptions to the final settlement in said estate filed by Beulah M. Krieg, administratrix of the estate of L. M. Hutcherson. These exceptions were directed only to the items of credit taken for the amounts paid for the support of the ward at the state hospital. No question was raised by the exceptor as to the amounts stated in said settlement being correct or as to such payments having been made. The final settlement of the administratrix showed a balance due the guardianship estate of Alice Hutcherson of $4,361.67. The probate court, after a hearing, denied the exceptions. Exceptor then appealed to the circuit court, where the exceptions were sustained, and judgment entered surcharging the estate of L. M. Hutcherson with $2,703.35 and interest at 6%. In its findings, the court stated that:

"The Court finds that at all times while Alice Hutcherson was so confined in the State Hospital at Fulton, L. M. Hutcherson was possessed of property sufficient to pay all charges made by said hospital and mentioned in the foregoing settlements; that at all such times it was the primary duty of L. M. Hutcherson, as husband of Alice Hutcherson, to pay out of his own property the said mentioned charges, and that by paying the same out of her estate, he was paying his own obligations, and he was not entitled to charge said payments to the estate of Alice Hutcherson."

Appellant, in seeking a reversal of the judgment of the trial court, contends that Section 501, Revised Statutes of Missouri 1939, Missouri Revised Statutes Annotated, Section 501, under which the payments by the guardian were made, placed upon the insane wife the primary obligation of paying for the necessaries furnished by the state hospital, and that the common law duty of the husband in that respect is by the statute made a secondary liability.

If this is a proper construction of the statute, then, of course, the court erred in surcharging the estate of L. M. Hutcherson with the amounts paid, for if the husband has been relieved of his primary common law liability in such a case, the law will not imply a promise by him to repay the amount expended by the wife. If the statute does not relieve him of this common law duty, a right of reimbursement would exist in favor of the wife. [Manufacturers Trust Co. v. Gray, 278 N. Y. 380, 16 N. E. (2d) 373, 117 A. L. R. 1176; DeBrauwere

v. DeBrauwere, 203 N. Y. 460, 96 N. E. 722, 38 L. R. A. (N. S.) 508; Kosanke v. Kosanke, 137 Minn. 115, 162 N. W. 1060; Pearson v. Pearson, 104 Misc. Rep. 675, 173 N. Y. S. 563; Weiserbs v. Weiserbs, 169 N. Y. S. 111; Sodowsky v. Sodowsky, 51 Okla. 689, 152 P. 390; In re: Fox' Will, 293 N. Y. S. 468, 250 App. Div. 31.]

In such a case, if the husband is solvent and able to pay, the amount of the debt should be considered as so much money in his hands, as guardian, to be accounted for in his settlement. If he does not account, then the court should surcharge his settlement with the amount. [In re: Fox' Will, 293 N. Y. S. 468, 250 App. Div. 31.]

In construing a statute, it is proper and often useful to consider the state of the law existing at the time of its enactment, as casting light on the intended scope of the change made by it. [Gabriel v. Mullen, 111 Mo. 119, 1. c. 123, 19 S. W. 1099.] At common law the public authorities could not recover from a lunatic or his estate expenses incurred on his account. "Insane Persons," [32 C. J. Sec. 374, p. 687; 44 C. J. S. Sec. 75, p. 177.] It would seem, therefore, that the purpose of the statute was not to relieve the husband of any primary liability for the support of his wife, but to make immediately available a fund for the support of the ward, from which the state could be paid for services rendered to one not indigent, but able to pay for such services. It did not attempt to fix the liability as between husband and wife. Other statutes imposing liability on the wife for necessaries furnished have been construed as not relieving the husband of his primary common law duty. *Kosankes Estate, Minn.*, 162 N. W. 1060, is a case in point. In that case plaintiff filed a claim against the estate of her deceased husband for money paid out by her for household necessaries during the time she and her husband were living together. A statute of the state made husband and wife "jointly and severally liable for all necessary household articles and supplies furnished to and used by the family." It was contended that under this statute plaintiff, when she paid for necessaries, was merely paying her own debt, and was not entitled to reimbursement. The court held otherwise, saying:

"Although this statute makes both husband and wife liable to third parties for such necessaries, it does not relieve the husband from the duty to support the family which has rested upon him from time immemorial, and as between husband and wife, the duty to furnish such necessaries still rests upon the husband."

Notwithstanding statutory provisions enabling a married woman to enter into contracts and hold property in her own right, and making her separate property subject to execution for any debt or liability of her husband created for necessaries for the wife or family, the husband remains primarily liable for such necessaries. [Pfenninger v. Brevard (Mo. App.), 129 S. W. (2d) 924; Reynolds v. Rice, 224 Mo. App. 972, 27 S. W. (2d) 1059; Kent v. Knight, 231 Mo. App. 235,

98 S. W. (2d) 318.] The common law liability of the husband in this respect is not superseded by such statutes enlarging the liability of the wife.

In this case the trial court found that the guardian was at all times able to pay for his wife's support at the state hospital. There was ample evidence to support this finding. Such being the case, the court properly surcharged his settlement with the amounts expended from the wife's separate estate.

The judgment appealed from is affirmed. *Hughes, P. J.*, and *McCullen, J.*, concur.