**Hazel R. GIBSON, Administratrix of the Estate of Dorothy Lee Burroughs, deceased, Respondent,**

v.

**MUEHLEBACH FUNERAL HOME, INC., Appellant.**

**No. 24582.**

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1966.

Donald B. Clark, Campbell & Clark, Kansas City, for appellant.

Reginald A. Smith, Independence, for respondent.

CROSS, Presiding Judge.

Dorothy Lee Burroughs died on March 8, 1965, from gunshot wounds inflicted by her husband, Jack Burroughs. Decedent's mother, Hazel R. Gibson, who later was ap-

pointed administratrix of decedent's estate, arranged with Muehlebach Funeral Home for burial of her daughter and funeral services were furnished by Muehlebach Funeral Home accordingly. After unsuccessful efforts to obtain payment from the husband, Muehlebach Funeral Home filed its claim against the deceased wife's estate in the amount of $1,068.44 on account of "funeral expenses". The claim was allowed by order of the probate court. Upon appeal by the administratrix, the circuit court heard the cause de novo, without a jury, and entered judgment denying the claim. Muehlebach Funeral Home appeals.

The case was submitted to the circuit court on a stipulation of facts which shows, in addition to the facts heretofore stated, that Jack Burroughs was charged with the murder of his deceased wife, and was then presently released on bail awaiting trial in Jackson County; that he was allegedly residing in California and gainfully employed as of the date of the stipulation; that Muehlebach Funeral Home had made repeated unavailing demands upon Burroughs for payment of the funeral bill for his wife's burial both before and after the claim was filed against her estate in the probate court. Another fact which appears from the probate court records incorporated in the transcript is that Jack Burroughs was confined in the State Hospital at Fulton when the probate court had Muehlebach Funeral Home's claim under consideration. There is no issue raised as to the reasonableness of the funeral bill and it is stipulated that "the only issue in this case is a question of law to be decided by this court."

The question of law presented in this appeal is whether the husband of a deceased wife, her decedent estate, or both, are liable for the expenses of her burial. Muehlebach Funeral Home contends that there is a joint and concurrent liability as against both the husband and the estate. The administratrix takes the position that the duty of paying funeral expenses of a deceased married woman devolves solely on her husband and that her estate is not liable for the debt.

The two courts which previously tried this proceeding have filed memorandum opinions expressing their views on the question, the substance of which is here noted.

In the memorandum opinion filed by the probate court, it was acknowledged that this court's ruling in Kent v. Knight, 231 Mo. App. 235, 98 S.W.2d 318, declared the law to be that the estate of a wife who predeceased her husband was not liable for the expense of her funeral, and stated that in the opinion of the writer the appellate court would not now hold the law to be as declared in the Kent case. Speaking for the probate court, Commissioner Laurence R. Smith further said:

"There has been a gradual liberalization of the rights of a woman. A husband and wife are more and more being regarded as equal in their rights and obligations. Illustrative of the change is reflected in the opinion in Novak v. Kansas City Transit, Inc., Mo. En Banc, 365 S.W.2d 539, holding that a wife now has a claim for loss of her husband's services. Furthermore, the Kent case was decided prior to the adoption of the present Probate Code. Sec. 472.010, Mo.R.S. 1959, specifically defines 'Claims' as including 'funeral expenses'.

"Attention is called to Sec. 451.290, Mo.R.S. 1959, enabling a married woman to contract and transact business on her own account and to Sec. 451.250, Mo.R.S. 1959, providing that the separate property of a married woman shall be subject to execution for the payment of debts of her husband created for her necessaries. Burial is to be considered a necessary expense. Since a married woman can contract for liability and her separate property can even be charged for necessaries contracted by her husband, it would be incongruous for her estate not to be liable for her burial.

"We believe that a married woman's estate should be liable for her funeral expense regardless of her surviving husband's circumstances. Accordingly, an

order will be entered as of this date allowing the claim in full of the Muehlebach Funeral Home".

The circuit court in its memorandum opinion and judgment took full note of the probate court's decision, gave approval to it, but declined to follow it for reasons stated in the following quoted excerpt from the memorandum written by Judge Tom J. Stubbs:

"This court is in full agreement with the rationale of the foregoing Memorandum Opinion and with the result reached, with one qualification. I conceive it to be the duty of this Court to follow controlling Missouri appellate authority without regard to my view as to its wisdom. To express the thought differently, it is the prerogative of Missouri Appellate Courts, rather than of this court, to overrule existing Missouri case law, and it is for this reason that I believe no alternative is open to this court but to find the issues here in favor of Appellant and against Respondent.

"IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED AND ADJUDGED that the claim of Muehlebach Funeral Home, Inc., be and the same is denied. Costs are assessed against Respondent, for which let execution issue".

The issues raised here are not new to this court. We have previously considered substantially the same questions in deciding two cases: Reynolds v. Rice, 1930, 224 Mo. App. 972, 27 S.W.2d 1059, and Kent v. Knight, 231 Mo.App. 235, 98 S.W.2d 318. There appear to be no other Missouri cases on the subject. We re-examine our previous opinions. In Reynolds v. Rice, a surviving husband paid his deceased wife's necessary funeral expense and filed a claim against her estate to recover the amount he had expended. We there held that under the common law which imposed the duty

upon a husband to support and maintain the wife while living and to furnish her with necessaries suitable to her station, he was liable for the reasonable funeral expenses incident to her burial;[1] and, that his duty in that respect was not relieved or diminished either by our Married Women's Acts or by administration statutes then in effect providing for priority and classification of claims against estates of decedents. For those reasons the husband's claim was denied. Although no issue was before the court respecting the estate's liability to a third party, the opinion gratuitously treated the question as follows:

"It may be conceded that the estate of a deceased wife is liable to a third party for funeral expenses, but this fact does not aid the argument in favor of the liability of her estate to her husband for such expense. The husband is equally liable, and in case he discharges the obligation he is merely paying his own debt. He cannot demand and receive reimbursement from the estate of his wife for the performance of his own legal and moral obligation to her. If a husband desires to play the role of a derelict, escape his obligation, and shift the burden of the final necessity upon the estate of his wife, he can do it by declining the sacred trust of sepulture".

\*       \*       \*       \*       \*       \*

" \* \* \* And we may add that it is a mere matter of justice to afford a third person, who has furnished burial, recourse against the estate of the deceased wife in the event of his failure to collect from an inpecunious husband. The fact that a creditor may have a concurrent remedy against the wife's estate does not relieve the obligation of the husband. Respondent apparently concedes that, in the event that the deceased wife leaves no estate, the undertaker could compel payment by the surviving husband. We hold that his liability exists whether the

1. Citing In re Estate of Wood, 288 Mo. 588, 232 S.W. 671; and Rudd v. Rudd, 318 Mo. 935, 2 S.W.2d 585.

wife was solvent or insolvent, and that his obligation to pay such necessary expense is equal to if not greater than the obligation of the estate of the deceased to pay the same".

In Kent v. Knight, supra, decided in 1936, a husband and wife were fatally injured in an automobile accident. The husband survived the wife by a few hours. An undertaker filed claim against the estate of the deceased wife for the value of his services rendered in connection with her burial. The evidence showed that the husband's estate was ample to cover the expense of the wife's funeral. The sole question of law presented was whether recovery should be had against the wife's estate. In an opinion by Judge Bland, this court said that at common law the husband alone was liable for the burial expenses of his deceased wife and that such liability of the husband grew out of his obligation to furnish his wife the necessaries of life, which include her burial expense. The opinion stated that this common law duty had not been changed or altered by statute in this state, and held specifically that neither the administration statutes as construed in Reynolds v. Rice, nor the Married Women's Acts imposed a burden upon the estate of the wife to pay her funeral expenses. Accordingly, claimant was denied recovery from the wife's estate. The Kent opinion comments that the statements contained in the Reynolds opinion to the effect that the wife's estate would be jointly and concurrently liable with the husband were obiter dicta inasmuch as no question was involved whether the estate was liable to any person other than the husband.

▇▇▇ The impact of Reynolds and Kent on the instant case is now considered. We approve and accept the ruling made in both of the former cases that under the common law duty of the husband to support his wife and provide her necessaries while living, he is obligated to pay the expenses of her burial. We are not directed to nor do we find any statute or ruling of Missouri law which diminishes that duty or relieves the husband from it. Therefore it is still the law of this state that a surviving husband is liable for his deceased wife's funeral expenses. This being so, claimant would be entitled to recover of the husband, Jack Burroughs, by appropriate remedy, the reasonable value of the funeral services in question.

As to whether the estate of a deceased wife is also liable for her funeral expenses the Reynolds and Kent opinions are in direct conflict. It is clearly stated in Reynolds that the wife's estate is under liability for the debt equal to that of the surviving husband, and that the creditor has a "concurrent" remedy against the estate as well as against the husband to collect for services rendered. While those statements of opinion are supported by convincing reasons, it must be conceded, as was said in the Kent opinion, that they were not directed to the decision of any issue submitted and therefore have no force as actual judicial decision. It must then be said that the only declared case law effective in Missouri on the immediate subject is found in the Kent opinion which held there was no liability against the estate of a deceased wife for her funeral expenses.

There have been changes in Missouri law since Kent v. Knight was decided which compel us to disaffirm the opinion in that case insofar as it rules that funeral expenses of a deceased wife survived by a husband may not be recovered from her estate. Kent was decided some 30 years ago under administration statutes superseded by the 1955 Probate Code which presently applies. Substantial changes in the administration of decedents' estates have been effected by the superseding statutes. A change of material significance has been made in the laws of descent and distribution. When Kent was decided in 1936, the statutes on that subject made no allusion to the specific subject of funeral expenses, either directly or by reference. In contrast, the present rules of descent subject the descendible property of *all* decedents to the

payment of funeral expenses. Section 474.-010 V.A.M.S. provides in part as follows:

"All property as to which any decedent dies intestate shall descend and be distributed, subject to the payment of claims, as follows:

"(1) The surviving spouse shall receive: * * *". (followed by specific provisions).

Section 472.010 V.A.M.S. as amended in 1957 entitled "Definitions" reads in pertinent part as follows:

"When used in this Code, unless otherwise apparent from the context: * * *

"(3) 'Claims' include liabilities of the decedent which survive whether arising in contract or in tort or otherwise, *funeral expenses,* the expense of a tombstone and costs and expenses of administration. * * *" (Our emphasis.)

■ Accordingly, when the term "claims" is used in the sense of "funeral expenses" (as Section 472.010 permits), Section 474.010 may be read in paraphrase to provide that *all property as to which any decedent dies intestate shall descend and be distributed, subject to the payment of funeral expenses.* It must be considered that when the legislature enacted the foregoing provision it did so with a particular purpose in mind, inasmuch as the previous statutes of descent made no such provision. The language of Section 474.010 read in connection with Section 472.010 is clear and unambiguous and insofar as it concerns the instant question is susceptible of only one reasonable meaning. We interpret it to mean (among other things) that the descendible property (estate) of *any* decedent, including a deceased wife, is subject to the payment of the decedent's funeral expenses. This view is reinforced by the provisions made by Section 474.010 for "the surviving spouse", which clearly indicate the legislature had in mind either a husband or a wife as a survivor, and conversely, either a husband or wife as the decedent, in providing

that the property of such decedent would be subject to the payment of "claims" *(funeral expenses).*

■ The clear effect of Section 474.010 is to establish a legal liability against the estates of *all* decedents, including a deceased wife, for payment of the decedent's funeral expenses. It necessarily follows that in this case there is a legal liability enforcible against the deceased wife's estate for expenses of her burial, as well as a co-existing liability therefor enforcible against her surviving husband. Each liability arose by separate operation of law, exists separate from and independent of the other, and is equally available to the creditor. The funeral debt may be recovered by proceedings against either the surviving husband or the wife's estate, or against both, at the option of the creditor.

The enactment of Section 474.010 has providently filled a void in the law which has not well served the cause of justice and the necessities of a civilized society requiring the burial of the dead. By extending liability for the wife's funeral expenses to her estate the statute has accomplished at least two salutary purposes. It has rendered more certain the payment of a just debt by providing two sources of its satisfaction where previously there was only one. This fact, in turn, renders more certain that the remains of a deceased wife will be decently interred in a manner suitable to her station in life and in accordance with the standards and customs of an enlightened people. The wife is entitled to such a burial at the expense of either her husband or her own estate—otherwise the wealthy wife of an insolvent husband might be subjected to the burial of a pauper or, equally untoward in result, the debt for the funeral might never be satisfied. Inasmuch as her burial is imperative, indispensable and inescapable, it would be grossly unjust for a third person who provides that service to receive no compensation for it. As stated in Gould v. Moulahan, 53 N.J.Eq. 341, 33 A. 483, "Common decency and humanity are regarded by

the authorities as authorizing a speedy burial of a decedent by any proper person, unobstructed by hesitation in measuring the responsibilities of the husband and representative, and such exigency affords a strong reason why both those responsibilities for reimbursement should remain available."

The judgment is reversed and the cause is remanded with directions that a judgment be entered allowing the claim of Muehlebach Funeral Home in the sum of $1,068.-44.

All concur.

