**MARKS MORTUARY, Respondent,**

v.

**ESTATE OF Norman KOEPPEL, Deceased; George Koeppel, Personal Representative, Appellant.**

**No. 52726.**

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 24, 1987.

Tom K. O'Loughlin, II, O'Loughlin, O'Loughlin & McManaman, Cape Girardeau, for appellant.

Merle C. Bassett, Wood River, Ill., for respondent.

CRIST, Judge.

George Koeppel, personal representative of the Estate of Norman Koeppel, deceased (estate), appeals the allowance of a claim for funeral expenses against estate. We affirm.

Marks Mortuary (mortuary) filed a claim for funeral expenses on April 9, 1986, regarding a funeral account dated March 16, 1985. Estate filed a general denial and asserted an affirmative defense not material to a resolution of the issues presented on appeal. The claim was allowed on December 26, 1986, in the amount of $4,298.63.

Norman G. Koeppel was a resident of Illinois at the time of his death. Mortuary is located in Wood River, Illinois. Norman Koeppel died intestate on March 13, 1985, and was survived by his wife, Lela Koeppel, and four children. Mortuary, a partnership, performed funeral services pursuant to a contract entered into between the partnership and Lela Koeppel. These services included transporting the body to Cape Girardeau, Missouri, for visitation services there. Mortuary was thereafter incorporated and the partnership's accounts receivable assigned to the corporation. Thereafter, the corporation filed a claim for funeral expenses against the estate.

For Point I, estate proffers mortuary was not the proper party to bring this action because it was not the real party in interest. Estate asserts this action arose from a contract between Marks Mortuary, a partnership, and Lela Koeppel. There was evidence the partnership assigned its right of collection under the contract to the corporation; therefore, Marks Mortuary, Inc., was the real party in interest. In any event, any defect of parties was waived by the failure to raise it by motion or answer. *Truck Insurance Exchange v. Bill Rodekopf Motors, Inc.*, 623 S.W.2d 612, 614[2] (Mo.App.1981).

Estate alleges in Point II the claim should not have been allowed because there was no evidence mortuary was a corporation, or if it was a corporation, there was no evidence it was authorized to do business in Missouri and bring suit in the courts of this state. There was ample evidence mortuary was a corporation.

The right of a foreign corporation to bring suit in Missouri courts is covered by §§ 351.570 and 351.635, RSMo 1986. Sec-

tion 351.635 states any foreign corporation failing to comply with the provisions of § 351.570 cannot maintain an action in the courts of this state. Estate contends mortuary failed to comply with the provisions of § 351.570.

Section 351.570 deals with certification of foreign corporations to transact business in Missouri. Estate's argument fails for one important reason. The corporation's transactions do not put it within the scope of § 351.570. The purpose of § 351.635 is not to exclude foreign corporations generally from access to Missouri courts. "[It] is applicable in only those situations where a foreign corporation seeks to conduct business intrastate in Missouri without complying with certification requirements of [§ 351.570]." *Benham v. Cox*, 677 S.W.2d 429, 431[5] (Mo.App.1984); §§ 351.570 and 351.635, RSMo 1986.

The business conducted by mortuary was in Illinois. There was no evidence to indicate mortuary transacted business in this state. The only contacts Missouri had in this particular transaction were the transporting of the body to and from Cape Girardeau for services and the filing of the claim against the estate. Neither conducting an isolated transaction nor maintaining an action in this state constitutes transacting business within the state. § 351.570.2; *see Taylor & Martin, Inc. v. Hiland Dairy, Inc.*, 676 S.W.2d 859, 864–65[1] (Mo. App.1984). Because the corporation's transactions do not place it within the scope of § 351.570, there is no reason to deny it access to the courts under § 351.635.

In Point III, estate claims the trial court abused its discretion by allowing into evidence the contract between mortuary and Lela Koeppel. The evidence of the contract was not necessary for this action, because the estate was being sued for the debt, not Mrs. Koeppel. However, there was no prejudice in this court-tried case because the estate is liable for the funeral expenses of decedent.

Section 472.010(3), RSMo 1986 defines claims as including funeral expenses. Section 474.010, RSMo 1986 states the distribution of the estate of an intestate decedent is subject to the payment of claims. Taking these two statutes together, it's clear the estate is liable for reasonable funeral expenses regardless of whether or not a contract existed. *See Gibson v. Muehlebach Funeral Home, Inc.*, 409 S.W. 2d 759, 763[3] (Mo.App.1966).

Estate's final point claims an abuse of discretion by the trial court in admitting into evidence the receipt from Brinkopf–Howell Funeral Home in Cape Girardeau. An agent from mortuary testified the mortuary paid Brinkopf–Howell for their services. Estate did not question services were performed or the cost thereof. There was no prejudice by the admission of this receipt.

Judgment affirmed.

SATZ, C.J., and DOWD, J., concur.